## SARAH C. SEELEY'S APPEAL FROM PROBATE.

Fairfield Co., March T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

An agreement entered into between husband and wife in view of a divorce sought by the wife, that she shall not ask for alimony and that a certain sum shall be paid her by the husband, is one that the law disapproves and will not enforce or recognize.

By statute (Gen. Statutes, 1888, § 618,) a woman divorced without alimony, being the innocent party, is entitled to dower. Held that a woman

who, at the time of procuring a divorce, had received a sum of money upon an agreement to make no claim for alimony or for other cause, was entitled to dower.

And held that it made no difference that a part of the money was to be paid, and was in fact paid, after she had been divorced and was a feme sole.

The law, upon reasons of public policy, refuses to enforce any contract imposed upon the wife during coverture by her husband, barring her from dower or alimony.

[Argued April 11th—decided May 25th, 1888.]

APPEAL from a probate decree refusing to set out dower to the appellant in the real estate of Samuel A. Seeley, deceased; taken to the Superior Court in Fairfield County and heard before *Andrews*, *J.* Facts found and the decree appealed from reversed, and appeal to this court by the original appellees. The case is fully stated in the opinion.

*C. Thompson*, for the appellants (original appellees).

1. The question of equity involved in this case is one which the court of probate has jurisdiction to hear and determine. *Bailey* v. *Strong*, 8 Conn., 281; *Mix's Appeal from Probate*, 35 id., 123; *Hewitt's Appeal from Probate*, 53 id., 37; *Potter's Appeal from Probate*, 56 id., 1.

2. It was the duty of Mrs. Seeley to satisfy the probate court that she was equitably entitled to dower. By statute (Gen. Statutes, 1888, § 618,) a woman who has been divorced without alimony, where she is the innocent party, shall be entitled to dower. The right of Mrs. Seeley to dower depends therefore upon whether she received no alimony at the time of her divorce. That she received its full equivalent cannot be denied. And equity looks only at substance and not at form. The receipt signed by her was not only in full of alimony but " of all demands for any other cause." It was therefore to be in lieu of dower. Any agreement on good consideration in lieu of dower is sustained by the courts. It is not necessary in a will that a legacy should be in terms in lieu of dower. It is enough if it clearly appears to have been so intended. Here there can be no question of the intent of both parties. 1 Bishop on Married Women,

§ 433 and note ; Stewart on Husband and Wife, §§ 265, 267 ; *McCarthy* v. *McCarthy*, 36 Conn., 181 ; *Allen* v. *Chatfield*, 42 id., 276 ; *Welch's Appeal from Probate*, 43 id.; 349.

3. If it be said that a wife cannot enter into a binding agreement not to ask for 'dower, yet here Mrs. Seeley received the last $500 of the $1,000 agreed upon, after she had been divorced and was a feme sole and acting in her own right. She could then have repudiated the agreement or have ratified and confirmed it. She chose to confirm it by receiving the $500. In doing this she in law made a new agreement free from the infirmities of the old one and binding upon her. She made her election in favor of the provision agreed upon and against the dower. 1 Bishop on Married Women, §§ 432, 433 ; 1 Swift's Dig., 86 ; 2 Bla. Com., 138 and note ; *Welch's Appeal from Probate*, 43 Conn., 342 ; *Stilson* v. *Stilson*, 46 id., 20 ; *Jones* v. *Powell*, 6 Johns. Ch., 194, 200 ; *Pettit* v. *Pettit*, 107 N. York, 677.

*E. W. Seymour*, for appellee (original appellant).

PARDEE, J.    Upon her petition the appellant was divorced from Samuel A. Seeley in January, 1874. During the pendency of the proceeding they entered into a written agreement as follows :—

" Whereas unhappy differences exist between myself, the undersigned, and my husband Samuel A. Seeley; and whereas, I propose to apply for a bill of divorce from my said husband : Now this agreement witnesseth, that in consideration of the sum of five hundred dollars to me in hand paid, the receipt whereof is hereby acknowledged, and in further consideration of the sum of five hundred dollars to be paid at the time the divorce shall be granted, I, the undersigned, Sarah C. Seeley, hereby agree to make no claim for alimony upon said petition for divorce, and further agree that said sum of one thousand dollars shall be in full of all demands against said Samuel A. Seeley for alimony and for any other cause or demand.   Dated Dec. 17th, 1873.

" SARAH C. SEELEY."

On the day of the decree of divorce, and after the decree had been passed, she received $500 from her husband, and at the same time executed and delivered to him a writing as follows :—" Bridgeport, Jan. 13th, 1874. Received of Samuel A. Seeley five hundred dollars, in full of all demands to date, and particularly in full for all claims for alimony."

Samuel A. Seeley died on May 16th, 1886, seized of real estate. On November 28th, 1886, Sarah C. Seeley filed her petition in the probate court for the district of Fairfield, praying that dower might be set out to her in said real estate. On December 2d, 1886, the probate court dismissed the petition. She appealed to the Superior Court. The Superior Court set aside the decree of the probate court and declared the same to be null and void. The appellees appealed from the judgment of the Superior Court to this court, for reasons as follows :—

1. The court erred in finding upon the facts and admissions that the appellant was divorced without alimony.

2. Also in finding that upon such facts and admissions she was entitled to have dower set out to her in the real estate of the said Samuel A. Seeley.

3. Also in adjudging that the decree of the court of probate appealed from be set aside and declared null and void.

Inasmuch as the state rests upon the family and is vitally interested in the permanency of a marriage relation once established, it, for the promotion of public welfare, and of private morals as well, makes itself a party to every marriage contract entered into within its jurisdiction, in this sense, that it will not permit the dissolution thereof by the other parties thereto. Its consent in the form of a decree of its court passed after hearing in due process of law, is a prerequisite to a divorce.

The law requires husband and wife, in their relation to each other, to perform certain duties and refrain from committing certain wrongs. Taking note of human infirmity, and of certain failure of some to do as it requires, or to refrain from doing what it forbids, it makes possible a method

of release from the marriage contract upon proof that its purpose must entirely fail of accomplishment.

Every decree of divorce must rest upon proof of such facts as have been by the legislature declared to be sufficient to uphold it; not at all upon considerations as to rights of property; not at all upon the wishes or agreements of the parties. Courts will not enforce any contract which is the price of consent by one party to the marriage relation, to the procurement of a divorce by the other. The court is entitled to know in every case whether the particular marriage tie in question is or is not of sufficient strength to bear the strain to which the law has subjected it.

Upon the record, in the case before us, a petition by the wife for divorce was pending. In consideration of a sum of money partly paid in hand and partly to be paid when her petition should be granted, she agreed with her husband to refrain from exercising her legal right to ask the court to decree alimony to her. Presumably each party saw in that agreement an individual advantage; to him, in that he possibly paid her less thereby than the judgment of the court upon hearing would compel; to her, in that he refrained therefor from answering the allegations of her petition by proof, and thus possibly permitted a divorce which he could have prevented. Presumably too, the result was that the court was left to rest a decree upon evidence which did not include all the facts in the case.

The statute (Gen. Statutes, 1888, § 618,) provides that a woman divorced without alimony, being the innocent party, shall have dower. No payment of money by a husband to a wife comes within the meaning of this statute except a payment made under an order of the court as a part of its judgment, upon full hearing upon two issues—1st. Is the wife entitled to a divorce? 2d. If so, what sum is it proper to set to her, from her husband's estate, for alimony?

Plainly, the payment to the wife in the present case falls short of this requirement; therefore she is within the protection of the statute and entitled to dower.

To the argument that this result is contrary to the inten-

tion of both herself and her husband as expressed by their agreement, and that she was an equal participant in .the wrong by which she now profits, we answer that the conclusion rests not at all upon any regard for her; wholly upon principles promotive of the public welfare. That she gains is an unavoidable incident. But it is doubtless better that this husband's estate should make a larger contribution to the support of his wife than he intended or she expected, than that husbands and wives should be tempted to assist each other in procuring a divorce.

Moreover, in the interest of the wife as well as upon reasons of public policy, the law refuses to enforce any contract imposed upon her during coverture by her husband barring her from dower or alimony.

The fact that in the present case the consideration for the wife's agreement, made during coverture, not to demand alimony, was made payable in instalments, the last to fall due after passage of the decree of divorce, does not affect the operation of this rule. At the last payment she was unmarried it is true, but without alimony, because of her agreement while married. The time for election had passed; the decree being in existence, by no possibility could she regain the right to demand alimony ; she was denied opportunity while *sui generis* for choosing whether she would waive or demand it. The money for which she signed a receipt when sole was the consideration for her void agreement while married. This last act of the husband, with knowledge of the law, can be nothing more than a gift by him of money to the divorced wife, the reception of which imposed neither legal nor equitable obligation upon her in his favor. The law will not permit itself to be made the instrument for enforcing agreements which it prohibits, by this device of division of payments.

There is no error in the decree appealed from.

In this opinion the other judges concurred.