## FREDERICKS v. SAULT.

[No. 2,358.    Filed March 17, 1898.]

WITNESSES—*Opinion Evidence.—Competency.—Discretion of Court. —Weight of Evidence.*—Courts have prescribed no definite rules as to what information a witness should possess before testifying as to values, and where a witness has been permitted by the court to testify, the weight of the evidence is for the jury, and the court's conclusion in allowing the witness to testify will not be disturbed on appeal unless a palpable abuse of discretion is shown.  *p. 605.*

GIFTS.—*Conditional Sales.*— The purchaser of property at a conditional sale, the title remaining in the vendor until the purchase price is paid, can do nothing with the property that would defeat the vendor's right to claim the property, but he can estop himself by gift of such property from afterward claiming the property on the ground that when he made the gift he had no title to the property.  *pp. 606, 607.*

HUSBAND AND WIFE.—*Contracts Between, Conditioned on Divorce Being Granted.*—An agreement made by a husband and wife concerning their property rights, conditioned upon a divorce being granted, is contrary to the policy of the law, and is binding upon no one.  *pp. 607, 608.*

SAME.—*Divorce.— Alimony.— Wife's Separate Property.* — The alimony granted a wife in a divorce proceeding is taken from the husband's property, and the wife's separate property is not affected by such decree.  *p. 608.*

From the Marion Superior Court.    *Affirmed.*

*R. O. Hawkins* and *H. E. Smith*, for appellant.

*James W. Harper*, for appellee.

Fredericks *v.* Sault.

Robinson, C. J.—Appellant appeals from a judg-
ment awarding appellee the possession of certain
property, consisting of a piano, piano stool and cover,
and damages for its detention. The only error as-
signed is the overruling of appellant's motion for a
new trial. A new trial was asked because of ex-
cessive damages, that the finding is not sustained
by sufficient evidence and is contrary to law, and be-
cause of the admission of certain evidence and the
rejection of certain evidence offered by appellant,
which is set out in the motion. There was some evi-
dence that the value of the piano, piano seat, and
piano cover was $300.00, and that the rental value
was $20.00 for the time appellee claimed to have been
deprived of its use, but it is argued that the only wit-
ness who testified on that subject, the appellee, was
not shown to be a competent witness to testify as to
values.

The courts have prescribed no definite rule as to
what information a witness should possess before
testifying as to values. In the case at bar there was
evidence that the witness was a pianist, had had ex-
perience in the use of pianos, and that appellant had
requested her to select the instrument when it was
purchased, and that she did select it. We think there
was evidence upon which the court could say that the
witness could testify. In such cases unless there is
no evidence tending to prove the qualification of the
witness or there is a palpable abuse of discretion, the
court's conclusion will not be disturbed. After a wit-
ness has been allowed to testify in such a case, the
weight of the evidence is a question for the jury.
Although the witness was not cross-examined on the
subject, it would be proper to test the witness' knowl-
edge of values by a cross-examination. The record
shows that the witness had sufficient knowledge of

the subject about which she testified to carry her testimony to the jury. See Rogers' Expert Testimony, p. 27, section 9 *et seq.* Lawson Opinion Evidence, 238; 1 Greenl. Ev. (14 ed.), section 440n; *City of Fort Wayne* v. *Coombs,* 107 Ind. 75 and cases cited; *Lake Erie, etc., R. W. Co.* v. *Mugg,* 132 Ind. 168.

The third and fourth reasons for a new trial, that the finding is not sustained by sufficient evidence and is contrary to law, may be considered, together. There is evidence in the record to the effect that in June, 1892, appellant purchased the piano and gave it to appellee. Although there is a sharp conflict in the evidence upon that point, yet there is some evidence upon which the court's finding can rest, and it must stand unless some other objection can be successfully urged against it. And in this connection it is argued that there could have been no gift of the piano at the time it is claimed that the gift was made for the reason that appellant did not at that time own the piano.

When the appellant purchased the piano it was agreed in writing between him and the vendor that it should be paid for in monthly installments, and that the title should remain in the vendor until final payment was made, at which time the title should vest in appellant. The last payment was made some time after the alleged gift of the piano to appellee.

It is not necessary to cite authorities to the effect that in conditional sales like the one in question, until final payment is made, the purchaser can do nothing with the property that would defeat the vendor's right to claim the property in the hands of any one; and that the vendor may recover the property from a purchaser for value and without notice. But this rule is for the protection of the vendor, and while appellant could not defeat his rights by a gift, he could estop himself by such gift from afterwards

claiming the property on the ground that when he made the gift he had no title to the property. He could devest himself of all the interest he had in the property, and this the court found he did. After he had made the gift as he did make it, by delivery and acceptance, he could not revoke it. The transaction as between appellant and appellee was fully completed, and nothing essential remained to be done. Of course he could have defeated the gift by refusing to pay the installments as they came due, but he did not see proper to do that, and after he has paid all the installments and has put it beyond the power of the vendor to devest the title, so far as the vendor, vendee and donee are concerned, the title becomes absolute in the donee.

It is further argued that the evidence shows that the appellee was granted a divorce from the appellant and that by an agreement between the parties, conditioned upon the divorce being granted which was introduced in evidence, the question of alimony in the divorce suit was settled by the parties themselves and this agreement was adopted by the court. A court might make a disposition of property the same as that contained in such an alleged agreement, but it would not be a ratification of the act of the parties. Such an agreement is contrary to the policy of the law and is binding upon no one. As is well said in *Muckenburg* v. *Holler*, 29 Ind. 139, "The marriage relation is not thus to be tampered with, and the courts, by contract of the parties, converted into mere registers of their agreements for separation from the bonds of matrimony. The law favors marriage, and cannot therefore sanction contracts intended to promote its dissolution by lending itself to their enforcement." But in the case at bar even if we look to the alleged agreement, appellant's contention is not

strengthened, for the agreement expressly stipulates that the question of the ownership of the piano is left undecided.    For some undisclosed reason both parties desired that the piano be left out of consideration. We have no more right to presume that each was claiming to be the owner as against the other, than we have to presume that some third person was claiming it, and neither party desired to be credited with its ownership.

But the question now to be determined is whether the appellee owns the piano.    The trial court found that she does, and there is evidence to sustain the finding, and that she owned the piano before the divorce proceedings.    It was her separate property. It is well settled that a decree for alimony is an adjustment of the property rights between the parties; and, in determining the question of alimony, it is proper for the court to take into consideration the wife's separate property.    But this is done only for the purpose of determining what would be a fair allowance to the wife out of the husband's property. The wife's separate property is not affected by the decree.    Alimony comes out of the husband's property only.    What the wife owned before the divorce proceedings is still hers so far as the divorce is concerned, and while it is proper for the court to take her property into consideration, yet the decree can in no way affect it.

It appears from the evidence, that when the alleged gift was made by appellant he was then seeking a divorce from his then wife.    The appellee was permitted to testify that appellant expressed his admiration for her at that time, and that he was her lover. It is argued that such evidence is immaterial and prejudiced appellant's case.

The court had the right to know something of the

relations existing between the parties at the time of the alleged gift as an aid in determining whether a gift had been made. Just how far such testimony should be permitted is within the sound discretion of the trial court, and it does not appear that there was any abuse of discretion in this instance. Evidence to the effect that appellant and appellee were at the time of the alleged gift unfriendly would certainly have been competent in appellant's behalf as tending to show it improbable that a gift was made.

Appellee's mother testified to conversations she had heard between appellant and appellee about the time of the alleged gift. On cross-examination the witness was asked if it was not a fact, that at a certain time after that the witness and appellee were not on good terms. There was no error in sustaining an objection to the question. The question asked the witness had reference to a time some months subsequent to the time she heard the conversations and about which she had testified. Nor was it reversible error to permit the appellee to testify that the piano was not taken from her for any tax nor on a judgment or execution. We are not informed how appellant could be harmed by the admission of such evidence, nor do we see how appellant's rights could be prejudiced by the admission of such evidence.

After a careful examination of the record we are convinced that the correct conclusion was reached by the trial court, and that there is no error in the record which entitles appellant to a reversal of the judgment. Judgment affirmed.