**CAMPBELL, Plaintiff, v CAMPBELL, Defendant.**

Court of Common Pleas, Van Wert County.

No. 19543. Decided October 4th, 1947.

B. F. Roller for defendant.
No appearance for plaintiff.

**OPINION**

By McNEILL, J.

This action arose upon plaintiff's petition for divorce and defendant's answer and cross petition. Upon trial, plaintiff did not appear and defendant introduced evidence on her cross petition. As part of her evidence a property settlement signed by herself and by the plaintiff was introduced. It is one clause of this agreement that raises an issue in this case. The part of this agreement in question is as follows:

"Said husband also agrees that he will withdraw his petition and allow the case to go forward as an uncontested case."

The Court's first thought was that such agreement would preclude the granting of divorce as an agreement not to defend is collusive in nature and should be barred upon that ground. However, the Court is able to find but three Ohio cases upon this issue. Two of these cases do not specifically relate to a divorce action but relate to an action growing out of the divorce case, and the third was decided mainly on other issues. The decisions are in conflict.

In the case of MacBride v Gould et al., 3 NP NS 469, a suit was brought against four attorneys who represented the parties in a divorce action, the judge who awarded the decree, and relatives of the plaintiff. It was claimed there was collusion in the original divorce action as the wife had agreed to give the husband $4,000.00 and he had agreed that he would not oppose her divorce and as a result of this agreement the original divorce was granted. The Court held:

"A collusive agreement with reference to divorce is one by which the parties agree to obtain a divorce either by suppression of the facts, or by manufactured or false evidence. Where an agreement only provides that one party will not contest, it is not collusive, but calls for a closer scrutiny by the court of all the facts, and leaves it a matter for the court to consider in connection with all the evidence adduced."

In the case of Stoutenburg v Lybrand et al., 13 Oh St 228, an action was brought upon a promissory note following the

granting of a divorce, the note having been given by a husband to his wife under an agreement that the wife would withdraw her pleadings and make no defense to the husband's divorce action. In this case the Supreme Court held:

"An agreement that a defendant in a proceeding for divorce shall withdraw his or her papers, and make no defense in the case, is against public policy, and therefore void; and a promissory note, executed in consideration and pursuance of such agreement, is without valid consideration."

It should be noted that although the MacBride case was decided after the Stoutenburg case no reference was made to the Supreme Court decision, and consequently the Supreme Court decision must control.

The case of **Tucker v Tucker, 143 Oh St 660,** has been called to the court's attention. Counsel contends that this case should control. In this case the Court held as follows at page 660:

"One of the aims of those protective enactments is the prevention of collusion between the parties. The court will always scan waiver of process, entry of appearance, withdrawal of answer, consent to a trial without contest and like steps in determining whether in the light of all the circumstances collusion exists between the parties and will dismiss the action when collusive conduct is shown; but it is quite another matter to hold that jurisdiction over the defendant does not attach when the defendant comes into court voluntarily and pleads to the merits after irregular service of process. Collusion and jurisdiction of the person should not be confused."

and at page 662 the Court said:

"The trial court in finding that, if it had jurisdiction of the person of defendant, plaintiff was entitled to a divorce, must necessarily have reached the conclusion that there was no collusion, for collusion bars a divorce."

Upon first reading it would appear that the principals of the Stoutenburg case are overruled and general doctrine set forth in the MacBride case is made the law of this State. However, upon closer examination this is found not to be true. The principle question in the case was one of jurisdiction, not collusion. The facts are similar in that defendant filed an answer and then wrote a letter to the clerk withdrawing his answer, asking that the case go forward as uncontested. How-

ever, there is one important difference between the Tucker case and this case. In that case there was no agreement between the parties that the case go uncontested. One party alone cannot make an action collusive. True, such actions as were taken in the Tucker case should put a court on notice that there might be collusion, but. some agreement between the parties must be found for such actions to be held collusive.

However, in this case, there is an agreement between the parties that the plaintiff should take such action. The court. feels that the Supreme Court in the Tucker case did not over-rule the principles of the Stoutenburg case but simply announced the very sound rule for the facts before it.

This feeling is further supported by the fact that the majority of states hold that such an agreement is collusive. Grush v Grush, 90 Mont. 381, 3 P (2d) 402; Johnson v Johnson, 185 Wa. 667, 56 P (2d) 679; Stewart v Stewart, 93 N. J. E 1, 114 Atl. 851; Sebastian v Rose, 135 Ky. 197, 122 SW 120; Donohue v Donahue, 159 Mo. App. 610, 141 SW 465; McIntyre v McIntyre, 9 Misc. Rep. 252, 30 N. Y. Sup 200; Appeal of Seeley, 56 Conn. 202, 14 Atl. 291; Frederick v Sault, 19 Ind. App. 604, 49 NE 909; Taylor v Ashe, 284 Mass. 182, 187 NE 548; Palmer v Palmer, 26 Utah 31, 72 P 3; Green v James ět al., 147 Okla. 273, 296 P 743; Squier v Squier, 99 Vt. 452, 134 Atl. 529; Belden v Munger, 5 Minn. 211, 80 Am. Dec. 407; Sayles v Sayles, 21 N. H. 312 (319), 53 Am. Dec. 208; Lanktree v Lanktree, 42 Col. App. 648, 183 P 954; Danforth v Danforth, 105 Ill. 603; Gurley v Gorman, 37 Miss. 210, 102 So. 65; Viser v Bertrand, 14 Ark. 267; Giddings v Giddings, 119 Pa. 2 280 (Ore.); Dunlop v Dunlop, 97 Pa. Sup. Ct. 405.

It is true that the courts of Ohio have held, in cases in which a divorce should be granted, that the parties are competent to contract with each·other and settle their property rights and such a contract may be properly submitted to the court. (14 O. Jur., Sec. 83, p. 497), but there is nothing in these cases that even suggests that the parties may agree to a divorce.

In many uncontested divorce cases, although the evidence is not before the court, the court cannot help but feel that the parties have agreed to get a divorce and let the case go uncontested, and that the action is in many respects collusive. However, in these cases the court does not have any proof that the parties are acting together and consequently cannot find that collusion existed.

However, in this case the parties have not only entered into an agreement as to their property rights but they have specifically agreed to get a divorce, one party to withdraw his

petition and let it go uncontested. This was presented to the court and the court was asked to become a party to this agreement.

Very early in our law, Judge Wright, (Wright 643) stated: "It is not our business to ratify agreement of parties for their own divorce." In the last few years divorces may have become easier to obtain but this court does not feel we have yet reached the place where the parties may agree to all the terms of a property settlement and in addition, agree to the granting of a divorce, the court's function being merely to ratify such an agreement. Such a holding would manifestly be against sound public policy.

Although the Stoutenburg case was not decided directly in a divorce action, the court feels that its reasoning is applicable to a divorce case and must be applied herein, that this decision was not overruled in the Tucker case, that such a holding is in the interest of justice, that the majority of states apply such a rule, that the MacBride case cannot be followed as it is in conflict with the Supreme Court, and that to hold otherwise would be against public policy.

Therefore, this Court must find that an agreement to withdraw a pleading or an agreement not to defend is against public policy and is collusive in law and such an agreement will preclude the granting of the divorce. For the foregoing reasons, the divorce in this case is denied. Costs to defendant.