HELEN J. GALVIN, executrix, *vs.* CATHERINE CAVANAUGH.

Essex.    November 4, 1948. — December 7, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Executor and Administrator,* Claims for taxes, Accounts.

An objection to the allowance of an item in an executor's account for payment of a deficiency Federal estate tax should have been sustained, where it appeared that the amount of the tax was fixed by the executor and the Federal authorities in settlement of a controversy as to the deductibility from the gross estate of the decedent of certain claims against it, but the executor introduced no evidence to show that the settlement was in the best interests of the estate and in accord with his fiduciary obligation.

PETITIONS, filed in the Probate Court for the county of Essex on October 14, 1944, and January 23, 1947.

The cases were heard by *Phelan,* J.

*N. von Rosenvinge,* (*J. E. Hartnett, Jr.,* with him,) for the respondent.

*J. B. O'Hare,* for the petitioner.

RONAN, J. The respondent has appealed from decrees of the Probate Court for Essex County allowing the second account and the third and final account of the executrix of the will of James Hennessey, late of Lynnfield, who died on December 18, 1941.

The facts which appear from a report of the evidence may be briefly stated. The first account of the executrix was assented to by nearly all the parties in interest and a citation issued, and thereafter the account was allowed. This account showed the payment of $22,312.67 to Mrs. Glyness B. Luce in settlement of a claim she had against the estate. A petition to revoke the decree allowing this account, alleging various grounds including the propriety of this settlement, was fully heard and denied. The only objections now raised relate to three items contained in the second account, one amounting to $4,427.32 in payment of a deficiency Federal estate tax and two items for interest on this tax, one for $154 and the other for $12.60. The executrix had filed a Federal estate tax return upon which a tax of $25,174.67 was assessed and paid. The treasury department in 1943 refused to allow as a deduction claimed in that return an item which read as follows: "Settlement of claim to make will in favor of Mrs. Glyness B. Luce. Settlement of claim of Mrs. Glyness B. Luce for services as housekeeper, companion and chauffeur for approximately four years $22,312.67," and assessed a deficiency tax of $6,740.38. The executrix filed a protest, and after a conference between her counsel and a representative of the treasury department the matter was adjusted by the allowance of a deduction of $10,000 on account of the payment made to Mrs. Luce and a deficiency tax of $4,427.32 was assessed which, together with the two items for interest amounting to $166.60, was paid by the executrix.

Claims to be allowable as deductions from the gross estate for Federal tax purposes must be enforceable against the estate under the law of the jurisdiction in which the estate is being administered, and, if based upon a promise or agreement, must have been contracted for an adequate and full consideration in money or money's worth. U. S. C. (1940 ed.) Title 26, § 812 (b) (3). *Taft* v. *Commissioner of Internal Revenue*, 304 U. S. 351. *Markwell's Estate* v. *Commissioner of Internal Revenue*, 112 Fed. (2d) 253.

The Luce claim purported to be for damages and for services. If the promise to make the will was oral, it could

not be enforced in this Commonwealth, G. L. (Ter. Ed.)
c. 259, § 5, *Taylor* v. *Ashe*, 284 Mass. 182, *Downey* v. *Union
Trust Co.* 312 Mass. 405; but if Mrs. Luce could not enforce
the oral promise if the statute of frauds was set up by the
estate, she could recover the fair and reasonable value of
her services, *Cromwell* v. *Norton*, 193 Mass. 291, *Dixon* v.
*Lamson*, 242 Mass. 129, *Jackson* v. *Boston Safe Deposit &
Trust Co.* 310 Mass. 593; and if the promise was in writing
and the consideration for it was the rendition of services,
Mrs. Luce could not recover damages for breach of the
written promise and also the fair value of the services.
*Mullaly* v. *Austin*, 97 Mass. 30. *Holman* v. *Updike*, 208
Mass. 466. *Williams* v. *Pittsfield Lime & Stone Co.* 258
Mass. 65.

At the hearing in the Probate Court, it appears from the
report of the evidence that the executrix was the only wit-
ness. She did not know what part of the Luce claim was for
damages or what part was for services. So far as appears,
it might have been that the claim for damages included the
services, or that the claim for damages was an alternative
way of stating the claim for services and amounted to no
more than stating a different aspect of what was essentially
the same cause of action, or it might be that the claim for
damages rested upon a consideration different from and
independent of the rendition of services. It would be im-
possible to determine the amount of deduction that the
estate was entitled to have allowed in computing the estate
tax unless the specific nature of the claim was ascertained
and especially the relationship between the claim for dam-
ages and the claim for services. The executrix testified that
she did not know how the deduction of $10,000 was arrived
at. She apparently left the matter entirely to her counsel.
The judge inquired of counsel who was then representing
her whether he intended to call as a witness the attorney who
represented the estate in adjusting the deficiency tax. He
replied that he could if the judge desired to hear him. That
attorney was in the court room but he did not testify.
Whether the accountant ought to have secured a larger
deduction because more than $10,000 of the claim repre-

sented adequate and full consideration in money or money's worth or whether the adjustment was fair and reasonable and one which the accountant was justified in accepting in the best interests of the estate was not touched upon by the testimony, and consequently a finding could not be made that the adoption of the compromise and the payment of the additional tax by the accountant were done with due regard to her fiduciary obligations to the estate. The burden was upon her to show that her conduct in this respect was proper. *Wiley* v. *Fuller*, 310 Mass. 597, and cases cited. The proof falls short of establishing that it was.

The decrees allowing the second and third accounts are reversed.

*So ordered.*