## Angelo Casale *v.* Clarinda P. Casale

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued December 4, 1951—decided January 29, 1952

*William M. Greenstein*, with whom were *A. Ronald Burke* and *Solomon T. Burke*, for the appellant (plaintiff).

*Leo Parskey*, with whom, on the brief, was *Harold Borden*, for the appellee (defendant).

Baldwin, J. The plaintiff brought suit against the defendant for a divorce on the ground of desertion. The trial court gave judgment for the defendant and the plaintiff has appealed.

The court found the following facts: The parties were married in Calabria, Italy, on February 11, 1914. They have lived in Hartford for most of their married life. Six sons and one daughter were born to them. Parents and children had a normal family existence until one of the sons lost his life in World War II. The defendant was greatly disturbed. She refused, at first, to sign the necessary papers to secure the government insurance payable to both parents. She construed the plaintiff's willingness to do so as indicating a want of proper affection for their boy. She finally did execute the papers but only after many arguments. On October 2, 1944, and on two subsequent occasions, violent quarrels occurred. The daughter participated in the quarrels and on each occasion she and her mother left, staying away for varying periods of time. On May 15, 1945, another quarrel developed. The defendant and her daughter left the house and have remained away. Several futile efforts toward a reconciliation made by one of the sons were coupled with arguments about money matters. The daughter also took part in these arguments. The other members of the family considered the daughter a troublemaker. On the witness stand she took credit for the fact that but for her the plaintiff would "wrap [her] mother around his finger." The plaintiff has maintained the household with the hope that the defendant would return. The court specifically found that the daughter by imposing her will upon the defendant dominated her. It concluded that the defendant did not wilfully desert the plaintiff and form an intention to remain away and not to resume cohabitation. The plaintiff's assignments of error test the correctness of this finding and conclusion.

Section 7327 of the General Statutes provides that a divorce may be granted, among other grounds, for

"wilful desertion for three years with total neglect of duty." We have defined desertion under this provision as "the wilful absenting of one party to the marriage contract from the society of the other, coupled with the intention on the part of the absenting party to live apart, in spite of the wish of the other, and not to return to cohabitation." *Dow* v. *Dow,* 97 Conn. 488, 490, 117 A. 507; *Lindquist* v. *Lindquist,* 137 Conn. 165, 167, 75 A. 2d 397; *Tirrell* v. *Tirrell,* 72 Conn. 567, 570, 45 A. 153.

Marriage creates contractual obligations between man and woman of the most sacred and enduring nature. It is the basis of the family and the home and is therefore an institution upon which rests our whole way of life. For these cogent reasons the state has a very real and vital interest in the maintenance of the marriage bond. It is one which cannot be dissolved by the mutual consent of the parties, as can an ordinary contract. Recognizing that circumstances may arise which require, for the good of all concerned, including society itself, that the parties be released from their obligations, the legislature has prescribed that the parties may be divorced upon certain grounds by the courts. *Seeley's Appeal,* 56 Conn. 202, 205, 14 A. 291. This does not mean that any married person has a vested right to a divorce. *Allen* v. *Allen,* 73 Conn. 54, 55, 46 A. 242. "As the State favors marriages for the reasons stated, so the State does not favor divorces; and only permits a divorce to be granted when those conditions are found to exist, in respect to one or the other of the named parties, which seem to the legislature to make it probable that the interests of society will be better served and that parties will be happier, and so the better citizens, separate, than if compelled to remain together." *Dennis* v. *Dennis,* 68 Conn. 186, 197, 36 A. 34; *Morgan* v. *Morgan,* 103 Conn. 189, 195, 130 A. 254;

*Andrews* v. *Andrews,* 188 U. S. 14, 30, 23 S. Ct. 237, 47 L. Ed. 366; Keezer, Marriage & Divorce (3d Ed.) § 870; 1 Nelson, Divorce & Annulment (2d Ed.) § 2.01.

In an action for a divorce on any ground, it is the duty of the court to make certain that sufficient and lawful cause is shown and that those conditions are present which the legislature has prescribed as pre-requisite to the granting of a decree. *Allen* v. *Allen,* supra; *Dennis* v. *Dennis,* supra; see *Gould* v. *Gould,* 78 Conn. 242, 262, 61 A. 604. One of the essentials in an action of divorce for desertion is "the cessation of cohabitation, coupled with a determination in the mind of the offending person not to renew it. This intent is the decisive characteristic, and the question of intent is always a question of fact, and must be proved either by direct evidence or as the necessary and certain consequence of other facts clearly proved." *Bennett* v. *Bennett,* 43 Conn. 313, 318; *Campbell* v. *Campbell,* 110 Conn. 277, 279, 147 A. 800.

The trial court, which observed the witnesses and heard their statements on the stand, is the sole judge of their credibility and of the weight to be accorded their testimony. *Morse* v. *Morse,* 128 Conn. 138, 139, 20 A. 2d 730; *Mercer* v. *Mercer,* 131 Conn. 352, 353, 39 A. 2d 879. Whether the evidence so produced established the essentials of desertion prescribed in the statute by such clear and satisfactory proof that, not only for the best interest of the parties concerned but for that of the state, the marriage should be dissolved was a question for the court's determination. The record contains unequivocal testimony by the defendant and statements by her counsel that it was her intent never to return to her husband. In other than an action for divorce, these might well be construed to amount to a judicial admission. *Kanopka* v. *Kanopka,* 113 Conn. 30, 39, 154 A. 144; *King* v. *Spencer,* 115

Conn. 201, 204, 161 A. 103. The interest which the state has in the outcome, however, justified the court in refusing to give them such effect in the case at bar. Under all of the circumstances, including the fact that the parties had lived together thirty years and had successfully raised their family of seven children and that their differences were of but relatively recent origin and were in no sense of a nature which necessarily destroyed the basis for continuing the marriage relationship, we cannot hold that the court was unwarranted in denying the decree sought.

There is no error.

In this opinion the other judges concurred.