RUTH E. WILLIAMS *v.* CECIL WILLIAMS.

[No. 1-1073A187. Filed April 29, 1974.]

*James D. Lopp, Sr., James D. Lopp, Jr., Robert M. Becker,* of Evansville, for appellant.

*John D. Clouse,* of Evansville, for appellee.

ROBERTSON, P.J.—The defendant-appellant (wife) is appealing the trial court's decision as it affects the division of property between herself and the plaintiff-appellee (husband). The trial court granted the divorce to the wife on her cross complaint as well as care, custody and $25.00 weekly support of the minor child of the parties. The court further found the parties each owned, as tenants in common, an undivided one-half interest of the real property with possession being given to the wife until the child was emancipated. The decree of divorce then divided the remainder of the property thusly:

> ". . . the defendant is to pay the interest on the mortgage indebtedness on said home in the sum of One Thousand Dollars ($1,000.00), is to keep the property in good repair and and to pay all taxes and assessment against said real estate during the period of time that she has possession of the same; the Court further finds that the defendant is the owner of the household goods and furnishings and of the 1972 Ford automobile now in her possession; the Court further finds that plaintiff is the owner of a certain Ford van automobile, various power tools, fishing boats and guns; the Court further finds that all other assets of the parties', including bank accounts at Mid-West Federal Savings and Loan Association, Union Federal Savings and Loan Association and Thrift, Inc., shall be divided equally between the parties after the payment of the marital debts of the parties', including the unpaid balance on each of the parties' automobiles. . . ."

Wife contends that the trial courts decision was contrary to the law and the evidence and that the award of property to her was inadequate and constituted an abuse of discretion on the part of the trial court. The bone of contention is that the wife considered the real estate and a savings account as

her separate property. We are of the opinion that the evidence does not substantiate the wife's position.

The appellate standard by which this case is reviewed has been stated as follows:

"We will not weigh the evidence, but will consider it in a light most favorable to the appellee. The decision of the trial court, relative to property rights, alimony, and other allowances are reviewable for a determination of an abuse of judicial discretion, and for that purpose only. The judicial discretion in a case of this nature is an exercise of official conscience, not arbitrarily, willfully, or passionately exercised, but based upon the facts and circumstances of the particular case with regard to what is right and equitable under the applicable law and to the end of a just result. The appellant's responsibility is to show a clear abuse of judicial discretion. (Citing authorities). The fact that circumstances would have justified a different result by another trial court than that reached by the trial court in this case does not warrant this court in substituting its judgment for that of this trial court. (Citing authority)." *Boshonig* v. *Boshonig* (1971), 148 Ind. App. 496, 267 N.E.2d 555, at 556-57.

The facts reveal that the wife's father had possessed a house and lot and an adjoining vacant lot in Evansville which he deeded to the parties in exchange for his care and upkeep for the remainder of his life. The husband helped provide for his father-in-law until the latter's death. The house and lot were eventually sold and the parties built a house on the adjoining vacant lot. The husband participated in the mortgage payments on the new home. The evidence also showed that the questioned savings account was comprised of her wages and his World War II military allotment checks. The wife, approximately three years prior to the filing of the divorce, unilaterally changed the account to her name when she suspicioned less than honorable activities on the husband's part.

Wife relies upon the cases of *State ex rel. Haines* v. *Parrish* (1891), 1 Ind. App. 441, 27 N.E. 652, and *Fredericks* v. *Sault* (1898), 19 Ind. App. 604, 49 N.E. 909, for the proposition

that separate property of a wife is not affected by a divorce. We have no quarrel with the holdings of these venerable cases; however, the trial judge committed no error in its determination that the proof failed in a showing of complete, sole, and separate ownership of the real property and savings account in the wife.

Additionally, wife argues that the case of *Bahre* v. *Bahre* (1962), 133 Ind. App. 567, 181 N.E.2d 639, sustains her separate property argument. We read that case as allowing the trial court to consider, among other things, separate property as well as the source of property in making a division of property. But it does not require a trial court to use those criteria to the exclusion of other pertinent factors.

We are of the opinion that there was no abuse of discretion on the part of the trial court in the division of property of the parties.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 310 N.E.2d 87.