[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATIONS TO COMPEL ARBITRATION AND STAY PROCEEDINGS
The movants, Continental Insurance Co. ("Continental"), US Benefits, US Benefits Ins. Services, Inc. and HCC Insurance Holdings, Inc. have applied for an order requiring Simkins Industries, Inc.("Simkins") to arbitrate the claims that Simkins has made against the movants in SimkinsIndustries, Inc. v. Marsh USA Risk Service, Inc. et al., Docket No. X01 CV 01 0166142. The movants also seek a stay of the claims against them in that civil action until the arbitration is completed. The court conducted an evidentiary hearing on the applications on December 18, 2001.
Timeliness of the application
 Simkins Industries, Inc. v. Marsh USA Risk Service, Inc., et al.,
supra, was transferred to the complex litigation docket from the judicial district of New Haven. The court conducted a case management conference on August 1, 2001, at which counsel for some of the defendants asserted that the claims against some of the defendants were subject to a written agreement to arbitrate. The court issued a case management order dated August 3, 2001, that required any party that asserted a duty to arbitrate any of the issues raised in the case to file an application to compel arbitration by August 31, 2001. The movants filed their application on August 29, 2001, thereby instituting the present case. The court finds that the application was timely and that a subsequent request for leave to amend the return date did not make the filing noncompliant with the court's deadline for assertion of the claim of arbitrability.
Basis of claim
In Simkins Industries, Inc v. Marsh USA Risk Service et al., supra, Simkins, the plaintiff in that action, claims that "US Benefits, Inc. and/or US Benefits Insurance Services, Inc. and/or Continental Insurance Company and/or HCC Benefits Corporation . . . entered into a contract CT Page 16903 with Plaintiff to provide stop-loss coverage for the ERISA plan maintained by Plaintiff' (Complaint, para. 15) and that these entities `failed and refused to provide reimbursement [for a claim] in accordance with the terms and provisions of the stop-loss coverage," in breach of their obligations under the terms and provisions of the insurance agreement. (Complaint, paras. 18, 19.)
At the hearing on the application to compel arbitration, Continental presented in evidence the insurance contract under which Simkins makes its claim. That document (Exhibit 1) identifies the parties as The Continental Insurance Company and Simkins Industries, Inc.
That contract identifies the insurer as The Continental Insurance Company and the insured, referred to in the policy as "YOU," as Simkins Industries, Inc. At Article V(A) the policy provides that "[t]his policy is between YOU and US. No other person has any rights under the Policy." The policy does not define "US," and the names of none of the other movants appear anywhere in the policy.
The movants assert that, despite the clear language of the policy identifying the parties as Continental and Simkins, the movants should all be held to be parties entitled to enforce the arbitration clause because Simkins, in its own complaint, made the following allegations:
5. Defendant HCC Insurance Holdings, Inc is a successor corporation to US Benefits, Inc. and US Benefits Insurance Services, Inc. . . .
15. Defendants US Benefits, Inc. and/or US Benefits Insurance Services, Inc. and/or Continental Insurance Company and/or HCC Benefits Corporation hereinafter referred to as Defendant, "US Benefits"), entered into a contract with Plaintiff to provide stop-loss coverage for the ERISA plan maintained by Plaintiff.
At oral argument, counsel for the movants presented no witnesses to establish the relationship between Continental and the other movants. He observed that the allegation made in paragraph 5 of the Simkins complaint that HCC Insurance Holdings, Inc. is a successor corporation to US Benefits Inc. is not accurate but he advocated that the two allegations set forth above are admissions sufficient to establish that all the movants are entitled to enforce the arbitration agreement in the insurance policy issued by Continental. It is an issue whether pleadings in another case are judicial admissions, which are, with some exceptions, conclusive, or whether they are only evidentiary admissions. Connecticut's leading authority on evidence, Professor Colin Tait, has written:
CT Page 16904 Judicial admissions are conclusive only in the judicial proceeding in which made. Perry v. Simpson Manufacturing Co., 40 Conn. 313, 317 (1873). In subsequent proceedings, such prior judicial admissions are merely evidentiary admissions, to be used as evidence to prove a matter in dispute in the subsequent trial. Bredow v. Woll, 111 Conn. 261, 263-264 (1930); Fengar v. Brown, 57 Conn. 60, 64
(1889).
Tait's Handbook of Connecticut Evidence § 8.16.3 (3d Ed.) (2001).
Because the movants brought the application to compel arbitration as a separate proceeding, the allegations of the complaint in SimkinsIndustries v. Marsh USA Risk Services, et al., supra, 0166142 are made in a separate proceeding and are only evidentiary. Even if they were to be considered judicial admissions, however, it has been held that such admissions are not binding on the court and may be disregarded when justifiable because a judge is not "a mere umpire in a forensic encounter but a minister of justice." Peiter v. Dengenring, 136 Conn. 331, 337-38
(1949); see also Sweet v. Sweet, 190 Conn. 657, 661-662 (1983); Casalev. Casale, 138 Conn. 490, 493-94 (1952). Tait's Handbook of Connecticut Evidence, supra, pp. 586-87.
The allegation by the plaintiff in Simkins Industries v. Marsh USA RiskService, Inc., et al., Docket No. 0166142, at paragraph 15, set forth above, is equivocal. The use of "and/or" constitutes a statement that some of the entities identified may or may not be parties that entered into a contract of insurance with Simkins. The allegation, for example, that "US Benefits Insurance Services, Inc. and/or Continental Insurance Company" entered into an insurance contract alleges not that both entities definitely entered into a contract with the plaintiff but that perhaps only Continental did so. A pleading that asserts a fact only as a possible alternative is not entitled to conclusive effect, and the court must look to the actual insurance contract (Ex. 1), which in fact names only Continental as the party that contracted with Simkins. Since the identity of the parties to a contract is most reliably established by examining the terms and signatures on the actual contract, not by adopting parties' characterizations of these facts, the court finds that the cited allegations in the Simkins complaint are entitled to little weight.
The court finds that the only movant that has proven that it is a party to a written arbitration agreement with Simkins is Continental.
Standard of review
CT Page 16905
Connecticut General Statutes § 52-408 provides that a written agreement to arbitrate "shall be valid, irrevocable and enforceable." The extent and scope of the obligation to arbitrate is defined by the language of the parties' agreement to arbitrate. "Arbitration is a creature of contract. It is the province of the parties to set the limits of the authority of the arbitrators, and the parties will be bound by the limits they have fixed." Success Centers, Inc. v. Huntington LearningCenters, Inc., 223 Conn. 761, 772 (1992). "`A party can be compelled to arbitrate a dispute only if, to the extent that, and in the manner in which, he has agreed to do so.'" White v. Kampner, 229 Conn. 465, 471
(1994).
Where the contractual provision defining the scope of the disputes that the parties have agreed to arbitrate is not entirely clear, the rule of construction to be applied to the words of the contract is the "positive assurance test." United Steelworkers of America v. Warrior GulfNavigation Co., 363 U.S. 574, 582-83 (1960); White v. Kampner, supra,229 Conn. 473. Under this test, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." White v. Kampner, supra, 229 Conn. 473, quoting Board of Education v. Frey, 174 Conn. 578, 582 (1978); see alsoJohn A. Errichetti Associates v. Boutin, 183 Conn. 481 (1981); Green v.Connecticut Disposal Service, Inc., 62 Conn. App. 83, 87-88 n. 4, cert. denied, 256 Conn. 912 (2001).
Simkins does not dispute that the terms of the insurance policy under which it makes its claim provide for arbitration of its disputes with Continental. It asserts, however, that since the other movants are not parties to that contract, they have no right to enforce the arbitration provision contained therein. This court has found that only Continental is a party to the insurance contract under which Simkins makes its claim. The other movants have presented no evidence that Simkins ever entered into a written agreement with them to arbitrate claims.
Enforceability
Simkins asserts that its agreement to arbitrate claims against Continental should not be enforced because to do so would result in piecemeal adjudication of its claims against the various defendants that it has sued in Simkins v. Marsh USA Risk Service, Inc. et al., supra. Simkins has cited no Connecticut case law in which this state's appellate courts have approved relieving a party of a contractual obligation to arbitrate in order to facilitate the efficiency of that party's CT Page 16906 litigation against multiple entities or to achieve judicial economy in managing a multiparty case. Simkins cites a New Jersey trial court case,Allstate Insurance Company v. Lopez, 710 A.2d 1072, 1077 (N.J.Super. L. 1998), as an instance in which a court "when dealing with complex litigation [has] consolidated all the actions to be resolved in one action despite prior agreements to arbitrate."
The situation in Allstate Insurance Company v. Lopez, supra, was highly unusual, and it involves issues concerning the enforceability of the arbitration provisions not presented in the case before this court. In the New Jersey case, the plaintiff alleged a widespread insurance fraud scheme involving many staged motor vehicle accidents. Some of the allegedly bogus claims were the subject of claims for arbitration, some were brought as civil suits. Allstate sought an order staying the pursuit of these claims until the resolution of a declaratory judgment action it had brought. The trial court found that Allstate had proven entitlement to injunctive relief and had demonstrated that it would suffer irreparable harm if the claims were allowed to go forward. The court reasoned that if the insurance policies under which the arbitrations were brought had been entered into fraudulently, then their provisions, including the arbitration provision, would be unenforceable. AllstateInsurance Co. v. Lopez, supra, 710 A.2d 1077. The Appellate Division of the Superior Court of New Jersey subsequently distinguished AllstateInsurance Co. v. Lopez, supra, and found that a stay of arbitration was not appropriate in a case involving a claim of fraud in a single case.State Farm Ins. Co. v. Sabato, 767 A.2d 485, 487 (N.J.Super. A.D. 2001).
In the case before this court, Simkins has made no claim that the arbitration provision is void because obtained by fraud or that it is otherwise unenforceable, rather, it urges this court to disregard it for the sake of judicial economy in managing the case as a whole. NeitherAllstate Insurance Co. v. Lopez, supra, 710 A.2d 1077, nor any other case located by Simkins or the court supports such a course.
Stay of proceedings as to Simkins claims against Continental
Continental could, plainly, have foregone its right to arbitrate Simkins' claims in order to have its adjudication in this court proceed along with the adjudication of the claims against the other defendants in that case. It is entitled, however, to invoke the arbitration clause, and Continental and Simkins should pursue the arbitration in a manner that creates the least possible disruption to the orderly adjudication of Simkins' claims against other defendants.
Continental has moved for a stay of the proceedings against it in CT Page 16907Simkins v. Industries, Inc. v. Marsh USA Risk Service, Inc. et al.,
Docket No. X01 CV 01 0166142, pending the resolution of the arbitration. That motion is granted, however, the court grants it subject to the requirement that arbitration be pursued in timely fashion. The stay applies only to pursuit of the claim against Continental in that case, and not to the plaintiff's claims against any other defendant.
Conclusion
Continental's application to compel application is granted. Simkins shall initiate arbitration with the American Arbitration Association as required by the terms of the insurance policy by January 18, 2002.
The application is denied as to the other movants, US Benefits, US Benefits Ins. Services, Inc. and HCC Insurance Holdings, Inc.
The motion to stay proceedings in Simkins v. Industries, Inc. v. MarshUSA Risk Service, Inc. et al., Docket No. X01 CV 01 0166142, is granted only as to the plaintiff's claims against Continental, and no stay is entered as to any other defendant. In case of undue delay in completion of the arbitration, either party may file a motion to amend the stay.
Beverly J. Hodgson Judge of the Superior Court