RENA K. TSOPANIDES *v.* TRIANTAFI TSOPANIDES

COTTER, C. J., BOGDANSKI, PETERS, PARSKEY and RUBINOW, Js.

Argued May 9—decision released June 17, 1980

*Harold L. Rosnick,* with whom, on the brief, was *Sigmund L. Miller,* for the appellant (plaintiff).

*Elizabeth A. Dorsey,* with whom were *William F. Gallagher* and, on the brief, *George J. Jaser,* for the appellee (defendant).

PER CURIAM. The principal issue raised by this appeal is whether in a dissolution action the court may properly render a judgment ordering the conveyance of property to a party who has not filed a claim for such relief.

In her complaint for dissolution of her marriage to the defendant, the plaintiff alleged that the parties jointly owned four parcels of real estate which she specifically identified. In her claims for relief she requested, inter alia, conveyance of title to the jointly owned real estate and "[w]hatever further relief the court in equity may deem proper." In his answer the defendant admitted the allegations respecting the jointly owned property. He made no independent claims for relief.

The plaintiff contends that, in the absence of claims for relief by the defendant, the court erred in ordering the plaintiff to convey property to the defendant. In support of her claim, the plaintiff invokes the principle affirmed in *Winick* v. *Winick*, 153 Conn. 294, 299, 216 A.2d 185 (1965), that procedural due process requires that parties to litigation have "fair notice" that the court will decide a given issue in that litigation. That principle, however, is of no aid to the plaintiff in this case because the plaintiff's complaint and her prayers for relief put in issue the disposition of the jointly held real property and she cannot claim lack of notice as to an issue that she herself raised. Although she requested the court to award all the property to her, she could not, by that request, limit the court to either granting her request in toto or denying it in toto. The court might properly find, as it did in substance, that the plaintiff was entitled to a conveyance of some of the property if, but only if, she conveyed some of the property to the defendant, and that the plaintiff's request could be granted only to that extent.

Further, her additional request for "[w]hatever further relief the court in equity may deem proper"

invited the court to weigh the claims of the parties with respect to the properties referred to in the complaint even if, in the absence of this omnibus request, the court might otherwise have been limited to either granting or denying the plaintiff's specific request that the properties be conveyed to her. Finally, the plaintiff is chargeable with notice that under General Statutes § 46b-81 (a)[1] the court was specifically authorized to assign the property of one spouse to another. *Hodge* v. *Hodge,* 178 Conn. 308, 315-16, 422 A.2d 280 (1979).

The plaintiff's reliance on Practice Book, 1978, § 456 is misplaced. This section provides that in a dissolution of marriage the defendant may file an answer "which may set forth the defendant's claims for relief." The purpose of this section is to permit a defendant to claim relief not claimed by the plaintiff. For example, in this case if the plaintiff had limited her claims to custody and support of minor children, unless the defendant had raised, in his claims for relief, the disposition of the jointly held property, there would have been no basis for the court to have acted in the matter. *Lundberg* v. *Kovacs,* 172 Conn. 229, 233, 374 A.2d 201 (1977). The defendant is not required, however, to duplicate a claim already made by the plaintiff nor is he required to give the plaintiff notice of the obvious.

The trial court ordered the four jointly owned parcels divided equally between the parties. The

---

[1] "[General Statutes] Sec. 46b-81. (Formerly Sec. 46-51). ASSIGNMENT OF PROPERTY AND TRANSFER OF TITLE. (a) At the time of entering a decree annulling or dissolving a marriage or for legal separation pursuant to a complaint under section 46b-45, the superior court may assign to either the husband or wife all or any part of the estate of the other. . . ."

plaintiff complains that the division may have been equal in numbers but not in value. Only the defendant presented a current financial affidavit at the time of the hearing although both parties testified. It was for the court, as the trier of the facts, to weigh the evidence presented and from such evidence to draw its own conclusions. The court in making its distribution assigned to the plaintiff property having a net value of approximately $140,000 and to the defendant property having a net value of approximately $192,000. While the court could reasonably have arrived at a distribution weighted somewhat less heavily in the defendant's favor, we cannot hold that the present distribution was clearly erroneous.

There is no error.