DELAINE SWEET *v.* RODNEY C. SWEET
(9622)

PETERS, HEALEY, SHEA, GRILLO and F. HENNESSY, Js.

658

Argued March 3—decision released July 19, 1983

Mario P. Mikolitch, for the appellant (defendant).

*Kevin E. Booth,* with whom, on the brief, was *James E. Mattern,* for the appellee (plaintiff).

F. HENNESSY, J. This is an appeal from a series of orders of the trial court, in an action for dissolution of marriage, brought by the plaintiff, Delaine Sweet. The court, upon determining that the marriage had broken down irretrievably, dissolved the marriage and entered the financial orders from which the defendant, Rodney Sweet, has appealed.

The defendant first claims that because irretrievable breakdown was the only ground alleged in the plaintiff's action for the dissolution of the marriage, the court was prohibited from considering fault in awarding alimony and assigning property.

Section 46b-40 (c) of the General Statutes lists ten grounds for granting a dissolution of marriage, the first of which is that the marriage has broken down irretrievably. General Statutes § 46b-51 (b), however, provides that "[i]n any case in which the court finds, after hearing, that a cause enumerated in subsection (c) of section 46b-40 exists, the court shall enter a decree dissolving the marriage . . . . In entering the decree, the court may either set forth the cause of action on which the decree is based or dissolve the marriage . . . on the basis of irretrievable breakdown. In no case shall the decree granted be in favor of either party." The court thus may dissolve the marriage on the basis of irretrievable breakdown no matter what ground was alleged in the complaint or proved by the evidence. In accordance with § 46b-51 (a), if the parties execute a written stipulation that their marriage has broken down irretrievably and submit an agreement concerning the custody, care, education, visitation, maintenance or support of their children and concerning alimony and disposition of property, then the court must make a finding that the marriage has irretrievably broken down.

Section 46b-51 allows the court to avoid specifying fault for the breakdown of the marriage and allows the parties to avoid calling friends or relatives to testify as to the reasons for the breakdown. Under the appropriate circumstances the record need not contain information which would invade the privacy of the parties and their families. The statute offers the parties

an opportunity to keep their conduct from being heard by the public or discovered in the future by their children.

In contrast with § 46b-51, under the statutes governing the assignment of the property of the parties or the award of alimony in a contested proceeding, the court is required to consider the causes for the dissolution of the marriage. General Statutes §§ 46b-81, 46b-82. These statutes are not inconsistent with those establishing the grounds for a dissolution. Section 46b-40 allows, while § 46b-51 (a) requires, that the court dissolve the marriage on the ground that it has irretrievably broken down. If, however, the parties choose to litigate the issues of alimony or division of property the causes for the dissolution must be considered by the court. The contention of the defendant, therefore, that a determination of irretrievable breakdown precludes the court from considering the causes of the dissolution in making financial awards is erroneous.

The defendant next claims that the court erred in making the award of alimony and in transferring the defendant's interest in the home to the plaintiff because it did not consider fully the factors required by the statutes. In determining whether to award alimony the court must consider the length of the marriage, the causes of the dissolution of the marriage, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the assignment of property, if any, which the court may make pursuant to § 46b-81. General Statutes § 46b-82. In making an award of property the court must consider in addition to these criteria the liabilities and needs of each of the parties, the opportunity of each for future acquisition of capital assets and income, and the contribution of each of the par-

ties in the acquisition, preservation or appreciation in value of their respective estates. General Statutes § 46b-81 (c).

While it is essential that the court consider the statutory criteria, it is not essential that it make express findings on each. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). A review of the memorandum of decision, the supplemental memorandum of decision and the judgment clearly demonstrates that the court considered the required statutory criteria in arriving at its decision.

The defendant further contends that the court abused its discretion in granting alimony of $1 per year to the plaintiff. The gravamen of this claim is that the plaintiff stated in her testimony that she would withdraw her claim for alimony if the court awarded her the marital residence.[1]

The court has jurisdiction to order a transfer of property and to order alimony if the parties request such orders in the prayer for relief contained in the complaint or cross complaint. *Tsopanides* v. *Tsopanides,* 181 Conn. 248, 249–50, 435 A.2d 34 (1980). The prayer for relief in fact did request the court to grant awards of alimony and to divide the estate. The party praying for relief may withdraw the request at any time prior to judgment. The issue to be resolved in this case is whether the plaintiff by her testimony withdrew her request for both alimony and a division of the estate

---

[1] The transcript indicates the following exchange took place between the plaintiff and her attorney:

"Q. Okay. Now, are you asking for alimony today?

"A. No, I'm not.

"Q. You are willing to waive alimony at this point —

"A. Yes, I am.

"Q. — if the Court sees fit to transfer that interest in the residence to you?

"A. Yes."

and substituted a request for an award of the marital home in lieu of alimony. The plaintiff's remarks were at best a statement based upon a condition not certain to occur since the disposition of property lay within the discretion of the court. Whether these statements when viewed as a whole result in a judicial admission is a determination best left to the trial court which observed the witnesses, heard the testimony and was the sole judge of the weight to be accorded such testimony. *Casale* v. *Casale,* 138 Conn. 490, 493, 86 A.2d 568 (1952). Furthermore, the court is not bound by stipulation or agreements entered into by the parties or offered by either party which refer to alimony or division of estate. The court must be free to shape its awards in a manner which it determines is fair and equitable under the circumstances. *Sands* v. *Sands,* 188 Conn. 98, 103, 448 A.2d 822 (1982).

The defendant next argues that the court erred in considering an arrearage in pendente lite support payments by the defendant and the nominal award of alimony to the plaintiff as factors in deciding the assignment of property. The factors set forth in § 46b-81 (c) which must be considered in assigning property are not all-inclusive. *Sands* v. *Sands,* supra, 105. The fact that pendente lite orders are interlocutory in nature and terminate with the rendition of the final judgment does not preclude the trial court from hearing testimony concerning the defendant's alleged violation of those orders or including remedies for those violations in its final judgment. *Salvio* v. *Salvio,* 186 Conn. 311, 325–26, 441 A.2d 190 (1982). The court may consider whether there has been an award of alimony, even though alimony is not a listed statutory factor, because alimony may be relevant to a determination of a party's opportun-

ity for future acquisition of assets, a criterion which is expressly set forth in § 46b-81 (c). The court thus did not err in considering these factors.

The defendant further claims that the court, in violation of Practice Book § 3060B,[2] failed to rule upon his claim that he made the major contribution to the acquisition and preservation of the family residence. Whether the defendant made the major contribution in the acquisition and preservation of the marital property was a question of fact. A matter of fact is a question of truth to be decided upon conflicting evidence. Ballentine's Law Dictionary (3d Ed. 1969). Testimony was presented as to the contribution to the acquisition and preservation of the marital property. In its supplemental memorandum of decision, the court set forth in particular detail the facts found and the conclusions drawn from them which support its determination of who contributed to the acquisition and preservation of the marital property. There is no error.

The defendant further claims that the court abused its discretion in making its awards. According to the financial affidavits submitted, the plaintiff had an income of approximately $98 a week. The child support award increased her income to $223 a week to support herself and two children. The defendant had an income of $367 a week. After deducting his child support payments from this amount he was left with $242 as

---

[2] Practice Book § 3060B provides that: "Except in small claims actions and as provided in Sec. 3060C, when rendering judgments in trials to the court, the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision. The court shall include in its decision its conclusion as to each claim of law raised by the parties. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the decision shall be transcribed and the transcript of the decision shall be signed by the trial judge. If written, the decision shall be stated in a memorandum of decision, which shall be filed with the clerk."

a weekly income. The court in addition required the defendant to maintain health insurance, to pay dental and orthodontic bills for the children and to maintain his present life insurance for the benefit of the minor children. He was ordered to contribute $500 toward the counsel fees of the plaintiff and to pay $1 a year as alimony. The major asset of the marriage, the marital home, valued at $48,000, was given to the plaintiff.

The defendant claims that the plaintiff thus was given over 90 percent of the family assets and that this result is an abuse of discretion by the court. We disagree. The court has a duty to shape its orders so that the family, especially those who are economically at risk, are given protection. The court considered all the statutory factors, including the fact that the marital home represented almost 90 percent of all family assets, and decided to protect the mother and children by giving them shelter and some financial security for the future. In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). We find that the trial court made its awards as required by law and that they are amply supported by the record. *Weiman* v. *Weiman,* 188 Conn. 232, 235, 449 A.2d 151 (1982).

The final claims of error involve the adoption by the Supreme Court of new practice rules. These rules, effective July 1, 1979, abolished the finding system and in its place require the trial court to file a memorandum of decision setting forth the factual basis of its decision and its conclusions of law. Practice Book § 3060B. The rules further specified that the new procedure would apply to pending appeals in which findings had

been requested but not yet filed by the trial court by July 1, 1979. Practice Book § 3166. The defendant's appeal falls within this category.[3]

The defendant claims that the delay in filing the memorandum of decision prevented him from learning the grounds of the trial court's decision. The record indicates, however, that the defendant filed an amended preliminary statement of issues in his appeal after receiving both the original and supplemental memoranda of decisions.

The defendant further claims that the delay substantially abridged his right to appeal because the recall of the details of the case by everyone involved was blurred by the passage of time. In his argument, however, the defendant acknowledges that this was a major problem with the finding system. He therefore fails to show any harm resulting from the application of the new procedure in lieu of the former practice to his appeal.

The defendant next claims that the rules abolishing the finding system were not properly adopted and thus

---

[3]

| April 26, 1979 | Judgment rendered orally |
| May 15, 1979 | Defendant appeals the decision of the trial court |
| June 19, 1979 | Defendant requests finding and draft finding |
| July 1, 1979 | New Practice Book rules take effect |
| July 2, 1979 | Plaintiff moves for extension of time to file counter finding |
| July 6, 1979 | Clerk of Supreme Court informs parties to use new rules of practice which abolish findings and counter findings |
| December 29, 1980 | Written memorandum of decision filed by trial court |
| February 11, 1981 | Trial court files a supplemental memorandum of decision |
| March 31, 1981 | Defendant files amended preliminary statement of issues |
| April 16, 1981 | Defendant files a further amended preliminary statement of issues |

were not in effect at the time they were applied to his appeal. He argues that these rules, which were published in the Connecticut Law Journal on May 1, 1979, did not in fact reach the subscribers until two weeks later. He concludes that the effective date of July 1, 1979, was therefore, in violation of Practice Book § 3165,[4] less than sixty days after promulgation of the rules. We disagree. Practice Book § 3165 defines "promulgation" as publication in the Connecticut Law Journal. The Connecticut Law Journal of May 1, 1979, has published within it the rules. The fact that some of the subscribers to that publication did not receive it on May 1 does not render the rules void or voidable.

The defendant also challenges the manner in which Practice Book § 3166[5] was adopted. This section defines the circumstances under which the new rules apply to pending appeals and those in which the old rules still apply. The defendant claims that the portion of § 3166 which brings an appeal under the new rules when a finding has been requested but not filed by the trial court

---

[4] Practice Book § 3165 provides that: "Each rule hereafter adopted by the judges of the supreme court shall be promulgated by being published once in the Connecticut Law Journal. The rule shall become effective at such date as the judges shall prescribe, but not less than sixty days after its promulgation."

[5] Practice Book § 3166 provides that: "The rules for the supreme court effective July 1, 1978, apply to all appeals pending on that date and to all appeals filed thereafter. Appellate papers filed prior to July 1, 1978, shall not be refiled.

"Any difficulty occasioned by the application of these rules to appeals taken prior to July 1, 1978, shall be resolved in the spirit of Sec. 3164.

"The rules for the supreme court effective July 1, 1979, apply to all appeals from judgments and rulings rendered on or after that date. In addition, they apply to all appeals pending on that date concerning trials to the jury, concerning trials to the court where no finding has been requested, and concerning trials to the court where a finding was requested but the trial judge has not filed it as of that date. Concerning trials to the court where the trial judge filed a finding prior to July 1, 1979, the rules for the supreme court effective July 1, 1978, apply."

by July 1, 1979, was not included in the proposed rules published for comment in the Connecticut Law Journal as required by General Statutes § 51-14 (c).[6] This is not so. The language of the proposed amendment published for comment, while it did not track word for word the rule as adopted, did specifically make the new rules applicable to pending appeals where the trial court had not yet filed a finding. Proposed amendment to Practice Book § 3166, 40 CLJ 34 Supplement B, (1979).

There is no error.

In this opinion the other judges concurred.

[6] General Statutes § 51-14 (c) provides that: "The judges or a committee of their number shall hold public hearings, of which reasonable notice shall be given in the Connecticut Law Journal and otherwise as they deem proper, upon any proposed new rule or any change in an existing rule that is to come before said judges for action, and each such proposed new rule or change in an existing rule shall be published in the Connecticut Law Journal as a part of such notice. A public hearing shall be held at least once a year, of which reasonable notice shall likewise be given, at which any member of the bar or layman may bring to the attention of the judges any new rule or change in an existing rule that he deems desirable."