SHIRLEY ROSE BRATZ *v*. MICHAEL BRATZ
(2577)

BORDEN, SPALLONE and DALY, Js.

Argued April 12—decision released July 16, 1985

*Ross Lessack,* with whom, on the brief, was *Edward T. Dodd, Jr.,* for the appellant (defendant).

*Joseph T. Gormley, Jr.,* for the appellee (plaintiff).

SPALLONE, J. The defendant raises three claims of error in this appeal from the judgment dissolving his marriage to the plaintiff. He claims that the trial court erred in its distribution of the marital assets, in refusing to disqualify itself because of a conflict of interest, and in awarding counsel fees to the plaintiff to defend this appeal.

The following facts are undisputed. The parties were married in 1977. Shortly after their marriage, they purchased a house in Watertown for $65,000. The house, which was placed in both names upon purchase, stood solely in the name of the plaintiff at the time of this action. The parties paid for the house with a down payment of $5000, which came from the proceeds of the sale of a house owned by the defendant prior to the marriage, and $15,000, which was loaned to them by the plaintiff's parents. The balance of the purchase price was financed through a first mortgage. Before the parties separated, the plaintiff signed a second mortgage to her father for the $15,000 loan.

At the time of trial, the plaintiff was twenty-five years old and worked as a sales manager at a manufacturing company owned by her father. Her net salary was approximately $280 per week. The defendant, a self-employed roofer, earned a net income of about $300

per week. The defendant individually owned two apartment buildings, purchased prior to the marriage, which produced approximately $1300 in monthly rental income. The parties had no children.

In bringing this action, the plaintiff made no claim for alimony. Nor did she claim any interest in the defendant's business, rental properties, antique, coin or other collections, or furniture which she had not already removed from the Watertown residence.

At trial, the plaintiff testified that she had been continuously employed throughout the marriage and that she used her earnings to pay for food, short vacations and household expenses. Because of the seasonal nature of the defendant's business, she saved what remained for times "when things were slow." The defendant testified that he contributed approximately $30,000 of his own money toward the improvement of the Watertown property and that, being a roofer, he did a substantial amount of work on the property himself. He also testified that he paid the mortgage, utilities, insurance and taxes on that property.

In rendering its judgment of dissolution, the trial court ordered that the Watertown property was to be sold, and from the net proceeds the defendant was to receive $7500 with the balance going to the plaintiff. The defendant, who was living in the house, was to be responsible for paying the first mortgage, taxes, insurance and utilities until the premises were sold. Except for a pool table and an antique clock, all the remaining personal property, including motor vehicles, was to go to the defendant.

The defendant's first claim of error, which concerns the distribution of assets, focuses primarily on the distribution of the proceeds from the sale of the Watertown residence. The defendant argues that the award of $7500 from the proceeds of the sale was unreasona-

bly low because he contributed almost all of the equity in the property. It is his position that the trial court, in making that award, abused its discretion in applying General Statutes § 46b-81 (c), which requires the court to consider "the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." We disagree.

Although the court is obligated to base its award upon and be guided by the statutory criteria established in General Statutes § 46b-81; *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982); it is not required to make express findings as to each. *Sweet* v. *Sweet,* 190 Conn. 657, 661, 462 A.2d 1031 (1983). "A ritualistic rendition of each of those elements would serve no useful purpose. *Carpenter* v. *Carpenter,* 188 Conn. 736, 740, 453 A.2d 1151 (1982)." *Osborne* v. *Osborne,* 2 Conn. App. 635, 642, 482 A.2d 77 (1984).

"The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of marriage." *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 585, 362 A.2d 835 (1975); quoted in *Vaiuso* v. *Vaiuso,* 2 Conn. App. 141, 147, 477 A.2d 678, cert. denied, 194 Conn. 807, 482 A.2d 712 (1984). For that reason, the court is called upon to exercise its broad discretion in formulating awards in such an action. As a reviewing court, we are limited to determining whether the trial court abused its discretion in making those awards. *Barnes* v. *Barnes,* 190 Conn. 491, 495, 460 A.2d 1302 (1983); *Vaiuso* v. *Vaiuso,* supra. For us to conclude that the trial court abused its discretion, we must find that the court "either incorrectly applied the law or could not reasonably conclude as it did. *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982)." *Sweet* v. *Sweet,* supra, 664. Having reviewed the record in this case, we conclude that the distribu-

tion of property challenged by the defendant was made in accordance with law and was amply supported by the evidence. Id.

The defendant next argues that the trial judge should have disqualified herself because a law firm with which she had once been associated had, at an earlier time, represented the plaintiff's father. This fact was brought to the attention of the parties by the trial judge soon after the trial commenced. The defendant's trial counsel did not seek the judge's disqualification and, in fact, stated that he had no objection to her presiding over the trial.

No question was raised as to this matter until after judgment was rendered and this appeal was pending. At a post-trial hearing on a motion by the defendant to open the judgment, based in part upon the judge's failure to disqualify herself, the trial judge amplified upon her earlier statement. She stated that she had never met the plaintiff until trial; that other members of her law firm, and not herself, had represented the plaintiff's father; and that the representation had occurred about fifteen years earlier. She denied the motion to open the judgment, finding no merit in the disqualification claim or the other grounds raised by the defendant.[1]

The disqualification of judges is addressed in General Statutes § 51-39. That statute provides, in pertinent part: "(a) Except as provided in this section, a judge is disqualified to act . . . if he may receive a direct pecuniary benefit by the determination of any proceeding before him. . . . (c) When any judge is disqualified to act in any proceeding before him, he may act if the parties thereto consent in open court." The

[1] Because the defendant did not amend this appeal to include a challenge to the denial of his motion to open, we need not address the question of whether the court's action on that motion was correct.

only basis for a claim of statutory disqualification in this case is that the trial judge had a potential interest in the outcome of the proceeding. There is no merit to this claim.

The interest in the potential outcome of a case that will disqualify a judge must be a *present* one. It must be direct, certain and immediate, and not one which may have formerly existed. 46 Am. Jur. 2d, Judges §§ 99, 100. General Statutes § 51-39 (a) requires disqualification if the judge may receive "direct pecuniary benefit" by the determination of the proceeding. Since the representation in this case involved the plaintiff's father and had occurred approximately fifteen years prior to trial, we see no infraction of General Statutes § 51-39 (a).

Furthermore, even assuming that the facts were otherwise, General Statutes § 51-39 (c) allows a judge who *is* disqualified, to act in a proceeding with the parties' consent. As we have noted, the trial court gave the parties ample opportunity, early in the proceeding, to object to her presiding over the trial. Although the parties, on the record, did not expressly agree that she could preside, the defense counsel never sought her disqualification. By failing to object or raise the disqualification issue, the conduct of the defendant "can be construed as the functional equivalent of 'consent in open court' . . . ." *Timm* v. *Timm,* 195 Conn. 202, 205, 487 A.2d 191 (1985); see *Krattenstein* v. *G. Fox & Co.,* 155 Conn. 609, 616, 236 A.2d 466 (1967); *Verissimo* v. *Verissimo,* 3 Conn. App. 222, 224, 486 A.2d 1134 (1985). We strongly disfavor that conduct by which, for whatever reason, a party fails to object to errors which occur during trial until it is too late for them to be corrected, and then assigns such errors as grounds of appeal if the outcome of the trial is unsatisfactory. *Timm* v. *Timm,* supra.

The defendant's third claim of error is that the trial court abused its discretion in awarding the plaintiff $2000 in attorney's fees to defend this appeal. The defendant argues that the plaintiff's financial position was superior to his because, at the time of the hearing on the plaintiff's motion for counsel fees, he was not working steadily. He claims that because of their disparate financial abilities, the court erred in its award.

The allowance of counsel fees, and if so in what amount, falls within the sound discretion of the trial court. *Anderson* v. *Anderson,* 191 Conn. 46, 58, 463 A.2d 578 (1983); *Vaiuso* v. *Vaiuso,* supra, 151. "In making its determination regarding attorney's fees on appeal, we deem it appropriate for the court in the exercise of its broad judicial discretion to consider the statutory criteria set out in General Statutes §§ 46b-62 and 46b-82 and the respective financial abilities of the parties. *Koizim* v. *Koizim,* [181 Conn. 492], 501, [435 A.2d 1030 (1980)]; see *Murphy* v. *Murphy,* 180 Conn. 376, 380, 429 A.2d 897 (1980)." *Anderson* v. *Anderson,* supra, 58–59. Having considered the totality of the circumstances as reflected in the awards, which includes the financial ability of each party, we cannot conclude that the trial court abused its discretion in granting the plaintiff appellate counsel fees.

There is no error.

In this opinion the other judges concurred.