LAY, Chief Judge.
 

 The bankruptcy trustee, Charles E. Rubin, appeals from an order of the United States District Court for the Western District of Missouri upholding the constitutionality of Bankruptcy Rule 5002.
 
 [1]
 
 Rubin is a partner in the same law firm as the son of the Chief Judge of the Bankruptcy Court for the Western District of Missouri. Another bankruptcy judge appointed Rubin as trustee, but the United States contends this appointment nonetheless violates rule 5002.
 

 A new, superceding, rule 5002 was transmitted to Congress by the Chief Justice of the United States on April 30, 1985.
 
 [2]
 
 Because ninety days passed without congressional action, the new rule 5002 became effective on July 30, 1985. 28 U.S.C. § 2075 (1982).
 

 In view of the passage of the superced-ing rule and the fact that Rubin’s appointment does not violate the new rule, the government conceded at oral argument that, as of July 30,1985, the present appeal becomes moot. The appeal is therefore dismissed as moot. The case is remanded with directions to vacate the orders and opinions of the district court and the bankruptcy court.
 

 [1]
 

 . Rule 5002. Prohibited Appointments
 

 No person may be appointed as a trustee or examiner or be employed as an attorney, accountant, appraiser, auctioneer, or other professional person pursuant to § 327 or § 1103 of the Code if (1) the person is a relative of any judge of the court making the appointment or approving the employment or (2) the person is or has been so connected with any judge of the court making the appointment or approving the employment as to render such appointment or employment improper. Whenever under this rule a person is ineligible for appointment or employment, the person’s firm, partnership, corporation, or any other form of business association or relationship, and all members, associates and professional employees thereof are also ineligible for appointment or employment. (Su-perceded on July 30, 1985).
 

 [2]
 

 . Rule 5002. Restrictions on Appointments
 

 (a)
 
 Appointment of Relatives Prohibited.
 
 No individual may be appointed as a trustee or examiner or be employed as an attorney, accountant, appraiser, auctioneer, or other professional person pursuant to § 327 or § 1103 of the Code if the individual is a relative of the bankruptcy judge making the appointment or approving the employment. Whenever under this subdivision an individual is ineligible for appointment or employment, the individual’s firm, partnership, corporation, or any other form of business association or relationship, and all members, associates and professional employees thereof are also ineligible for appointment or employment.
 

 (b)
 
 Judicial Determination that Appointment or Employment is Improper.
 
 A bankruptcy judge may not appoint a person as a trustee or examiner or approve the employment of a person as an attorney, accountant, appraiser, auctioneer, or other professional person pursuant to § 327 or § 1103 of the Code if that person is or has been so connected with such judge as to render the appointment or employment improper.