## GENEVIEVE LOMBARDI *v.* JOSEPH LOMBARDI
### (2608)

SPALLONE, DALY and F. HENNESSY, Js.

Argued June 14—decision released September 3, 1985

*Michael L. Riccio,* with whom was *Gerald M. Gaynor,* for the appellant (defendant).

*Roy W. Moss,* with whom, on the brief, was *J. Adrian Rebollo,* for the appellee (plaintiff).

F. HENNESSY, J. This is an appeal by the defendant husband from the orders of the court made incidental to the dissolution of the marriage between the defendant and the plaintiff wife.

The defendant claims that the court abused its discretion in ordering him to be solely responsible for the arrearages on the first mortgage, for all payments on the second and third mortgages and for payment of a judgment lien, which are encumbrances upon the marital residence. He further claims the court abused its discretion in dividing the household and personal effects of the parties.

This twelve year marriage, during which the parties had two children, broke down irretrievably due mainly to the acts of the defendant. In dividing the estate of the parties, the court concluded that the encumbrances on the marital residence resulted from loans used by the defendant to further his business interests. The second mortgage was for the defendant's counseling center venture and payments on this mortgage were made from the income derived from this venture. The third mortgage was to the defendant's parents. The note and deed were executed in February, 1981, and recorded in December, 1982, at the time the dissolution of marriage action was initiated. In dividing the estate, the court gave the marital home to the plaintiff and required her to be responsible for the first mortgage on that property. Property in Florida was given to the defendant and he was responsible for the mortgage on that property.

The court concluded that because the plaintiff's sole source of income was from the defendant, as compared to the defendant's income of three hundred fifty-three dollars a week coupled with his ability to generate further income, there was a disparity which required that the major asset of the marriage, the marital home, which had an equity of approximately twenty-eight thousand dollars, be given to the plaintiff.

The personalty award, which gave the plaintiff the contents of the marital home except for a specified list of items to be the sole property of the defendant, is an issue which this court must review in the context of the circumstances presented. The plaintiff, who was awarded custody of the minor children and who had a minimal income, minimal assets and a disparity in earning capacity compared to the defendant, received most of the household furnishings.

The defendant claims that, after considering all the awards, it is evident that the court made them using speculation, arbitrariness and incorrect findings of fact which constituted an abuse of discretion. "In order to conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. *Beede* v. *Beede*, 186 Conn. 191, 194, 440 A.2d 283 (1982)." *Sweet* v. *Sweet*, 190 Conn. 657, 664, 462 A.2d 1031 (1983). After reviewing the facts set forth in the memorandum of decision and the twenty-four paragraphs of articulation, we find that these facts were supported by the evidence and the awards made were not unreasonable. There was no abuse of discretion.

There is no error.

In this opinion the other judges concurred.