[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved that the undersigned judicial authority "disqualify or recuse" himself based on Canon 3 of the Code of Judicial Conduct because a successor to the law firm with which the undersigned was associated in the 1970's represents the law firm representing the plaintiff in a claim brought against it by the defendant.[1]
CT Page 13853
This is a summary process action involving commercial property. The defendant interposed several special defenses and a counterclaim. On October 30, 1997, the court, by the undersigned, granted the plaintiff's motion to strike one count of the counterclaim and certain of the special defenses. On November 24, 1997, the defendant moved that the undersigned recuse himself because, he claimed, he had just learned that this judge had once been associated, when in the practice of law, with the predecessor to the law firm which represents not the plaintiff, but the plaintiff's attorneys in two lawsuits brought against it by the defendant. The undersigned was an associate in that law firm from the latter half of 1976, more than twenty years ago, until May, 1980. Defendant's attorney accurately represented that there remain two attorneys who are members of the successor to the law firm who practiced with its predecessor between 1976 and 1980.
"`A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned. . . .' Code of Judicial Conduct 3.C.(1); State v. Fullwood, 194 Conn. 573, 579,484 A.2d 435 (1984). Disqualification of a trial judge is not dependent on proof of actual bias. The appearance and existence of impartiality are both essential elements of a fair trial.Cameron v. Cameron, 187 Conn. 163, 168-69, 444 A.2d 915 (1982);Postemski v. Landon, 9 Conn. App. 320, 322, 518 A.2d 674 (1986)."State v. Santangelo, 205 Conn. 578, 602, 534 A.2d 1175 (1987). "The standard to be employed is an objective one, not the judge's subjective view as to whether he or she can be fair and impartial in hearing the case. . . . Under Canon 3(C)(1) of the Code of Judicial Conduct `[a] judge should disqualify himself [or herself] in a proceeding in which his [or her] impartiality mightreasonably be questioned . . . .' [Emphasis in original] `Any conduct that would lead a reasonable [person] knowing all the circumstances to the conclusion that the judge's `impartiality might reasonably be questioned' is a basis for the judge's disqualification. Thus, an impropriety or the appearance of impropriety that would reasonably lead one to question the judge's impartiality in a given proceeding clearly falls within the scope of the general standard . . . Thode, Reporter's Notes to Code of Judicial Conduct (1973), pp. 60-61. `The question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his [or her] impartiality, on the basis of all of the circumstances.' Rice v. McKenzie,581 F.2d 1114, 1116 (4th Cir. 1978); see Spires v. HearstCT Page 13854Corporation, 420 F. Sup. 304, 307 (D.Cal. 1976)." Papa v. NewHaven Federation of Teachers, 186 Conn. 725, 744-746,444 A.2d 196 (1982).
The defendant also points to the "four factor test" enunciated in Bonelli v. Bonelli, 214 Conn. 14, 21, 570 A.2d 189
(1990), and claims that any one of those factors is enough to require recusal. The court in Bonelli did state that: "In order to assess disqualification in the context of a prior cocounsel relationship, the important factors to be considered are the closeness of the cocounsel relationship, the possibility of any financial benefit to the judge resulting from the cocounsel association, the existence of any social or personal relationship between the trial judge and counsel, and the amount of time that has elapsed after termination of the cocounsel relationship."Id., 19. The defendant claims that since a 3 1/2 year relationship is closer than any cocounsel relationship, recusal is required here. However, the Bonelli court did not state that the existence of any single factor was sufficient to warrant recusal. To the contrary, the court referred to an "[e]xamination of the totality of the circumstances. . . ." Id. Ordinarily, there must be a nexus between the prior professional relationship and either a party or the controversy before the judge. As theBonelli court explained, "[d]isqualification is not necessarily required even when his former law partner appears before a trial judge. . . ." Bonelli v. Bonelli, supra, 214 Conn. 20, and cases cited therein; see also In re Martin-Trigona, 769 F.2d 1334, 1343
(2d Cir. 1985); Huff v. Standard Life Ins. Co., 683 F.2d 1363,1369-70 (5th Cir. 1982); Hauptman v. Wilentz, 555 F. Sup. 28,32-33 (D.N.J. 1982); In re Norton, 119 B.R. 332, 338 (1990); Inre Johnson-Allen, 66 B.R. 812, 818-819, reference withdrawn,Crown Leasing Corp. v. Johnson-Allen, 70 B.R. 350 (1987);Commonwealth v. Krasner, 285 Pa. Super. 389, 427 A.2d 1169, 1177
n. 8 (1981); cf. Bratz v. Bratz, 4 Conn. App. 504, 495 A.2d 292
(1985).
The defendant also points to the court's decision adverse to him on the plaintiff's motion to strike. Obviously, "that a trial court rules adversely to a defendant does not demonstrate bias.Hartford Federal Savings Loan Assn. v. Tucker, 192 Conn. 1, 8,469 A.2d 778 (1984), cert. denied, 474 U.S. 920, 106 S.Ct. 250,88 L.Ed.2d 258 (1985); Payton Health Care Facilities, Inc. v.Estate of Campbell, 497 So.2d 1233, 1238 (Fla.App. 1986)." Statev. Santangelo, supra, 205 Conn. 602. Nor does it evidence the appearance of bias. Deciding routine motions are what judges are CT Page 13855 assigned to do. Notably, a decision on a motion to strike is one of law, not discretion.
Of course, it would be most convenient to grant the defendant's motion. Judges are not paid based on their case load. They do not enjoy a less demanding docket or less criticism when they deny a motion to recuse. However, judges are charged with executing the duties of their office "according to law"; General Statutes § 1-25; and here, the law is quite clear that recusal is not warranted by law. "There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. . . . A judge should not recuse himself on unsupported, irrational or highly tenuousspeculation." (Emphasis added; Citations and internal quotation marks omitted.) Hinman v. Rogers, 831 F.2d 937, 939-940 (10th Cir. 1987). The defendant has stated no basis on which the impartiality of this judicial authority reasonably may be questioned.
"[T]o disqualify a judge, his interest in the subject matter of the litigation must be direct, real, and certain, and not one which is merely incidental, remote, contingent, or possible, speculative, unreal, or merely theoretical." 48A C.J.S., Judges, § 120c. The past professional association noted by the defendant is temporally remote; its nexus to this case is nonexistent and "unreal." A claim that impartiality of this judicial authority might be reasonably questioned in this case "borders on the frivolous." Norwich v. Lebanon, 200 Conn. 697,704, 513 A.2d 77 (1986).
A discretionary recusal also would be inappropriate. According to some authorities, it is not only the duty but also the right of a judge to recuse himself or herself. See 48A C.J.S., Judges, § 131, p. 803. In part because Connecticut does not possess an independent judiciary such as exists in the federal courts, pursuant to Article III, § 1 of the Constitution of the United States, most recusals by Connecticut judges no doubt are discretionary rather than mandatory.[2] But "[t]here is a limitation upon the right or duty of judges to disqualify themselves. `Disqualification must yield to necessity where to disqualify would destroy the only tribunal in which relief could be had and thus preclude determination of the issue. In such case it has been held, consistently, the court must act no matter how disagreeable its task may be.'" Dacey v.Connecticut Bar Assn., 170 Conn. 520, 524, 368 A.2d 125 (1976), CT Page 13856 quoting New Jersey State Bar Assn. v. New Jersey Assn. of RealtorBoards, 118 N.J. Super. 203, 209, 287 A.2d 14 (1972). While this is not a case where the rule of necessity must be invoked, a discretionary recusal here, while convenient to the judge, would be inconvenient to the administration of justice. This case is pending in the Housing Session of the Superior Court. See General Statutes § 47a-68. This judge is the only judge assigned to housing matters in this judicial district. See Connecticut Law Journal, August 19, 1997, pp. 1D, 13D. This is a particular assignment. See General Statutes § 51-165(c).[3] This case cannot simply be lateralled to another judge of the Superior Court and subserve the purpose of the summary process action. "The purpose of summary process proceedings . . . is to permit the landlord to recover possession on termination of a lease. without suffering the delay, loss and expense to which he may be subjected under a common-law action. . . . The process is intended to be summary and is designed to provide an expeditious remedy to the landlord seeking possession." Prevedini v. MobilOil Corporation, 164 Conn. 287, 292, 320 A.2d 797 (1973).
The defendant's motion to disqualify or recuse is "without merit and quite probably advanced as part of an effort to delay proceedings." State v. Oliphant, Superior Court, Judicial District of New Haven at Meriden, No. CR95-0165310S (August 15, 1995). The motion is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court