[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties to this action were married sixty three years ago, on March 5, 1937, and have been separated since 1974. The wife's complaint for dissolution of the marriage alleges in three counts that the marriage has broken down irretrievably, that the husband has committed adultery at various times since 1974, and that the husband deserted the wife.[1]
The wife suffered a stroke on May 22, 1997, approximately six weeks prior to bringing this action. Since that time, she has been continuously confined to a hospital or nursing home. Although she was unable to appear for trial, John Goodrich, the conservator of her estate, appeared. Goodrich was appointed conservator of Mrs. Simmons estate in the late summer of 1997, and the three adult children of the marriage were appointed conservator of her person. Goodrich did not ask any relief in behalf of his ward, and no proposed orders were submitted in her behalf.
During the marriage, the parties owned a home at 26 Colony Road in South Windsor. The house was originally owned by the husband alone, but in 1973 he transferred it to himself and his wife as joint tenants. Its present value is $100,000. After her stroke but before she was declared to be incompetent, the wife executed a quit claim deed dated July 1, 1998 transferring her interest in the property to her children, subject to a life estate in herself.[2] Thereafter, on July 17, 1998 the husband executed a quit claim deed transferring his interest to Rosemary Vicino, the woman with whom he has lived since 1974. Ms. Vicino was not made a party to this action.[3] At the time the husband transferred his interest in the home, he had received the summons and complaint, which included a claim that the wife be awarded the house.[4] However, the wife did not seek prejudgment relief at the time of the filing of the complaint, as permitted by Section 46b-64 of the Connecticut General Statutes, CT Page 3921 and did not file a lis pendens or seek other orders as permitted by Section 46b-80 of the General Statutes.
In addition to the issues of attorneys fees, property division, and alimony which the court must consider in light of the claims of the parties and the requirements of Sections46b-62, 46b-81, and 46b-82 of the Connecticut General Statutes,[5]
two additional issues have been raised by the parties. The husband claims that the court cannot enter financial orders in favor of the wife because her conservator, as the person authorized to seek financial relief on her behalf, did not request financial relief. The wife claims that the deed from the husband to Vicino should be set aside and that the husband's interest in the real property should be transferred to her.
In her complaint, the wife requested a dissolution of the marriage, alimony, an order transferring the family home to her, payment of her attorney's fees and costs, and "such other relief as this court deems equitable." Accordingly, the husband was given notice of the claims of the wife at the commencement of the proceeding. In addition, the husband is chargeable with notice that the court has statutory authority to make orders concerning alimony and property division. Tsopanides v. Tsopanides,181 Conn. 248, 249-50 (1980). Moreover, the court is authorized to assign to either the husband or the wife any part or all of the estate of the other without any act by either of them. Connollyv. Connolly, 191 Conn. 468, 476 (1983) (citations omitted). Indeed, the court has statutory authority to enter financial orders even where the parties have expressly waived them. Sandsv. Sands, 188 Conn. 98, 103 (1982) (concerning alimony); also see, LaCroix v. LaCroix, 189 Conn. 685, 698 n. 5 (1983). Accordingly, the court concludes that it has both the authority and the responsibility to make orders at the time of judgment in accordance with the statutory criteria set forth in Sections46b-81 and 46b-82 even where a party has not made a request for those orders at the time of trial, either personally or by her representative, so long as the opposing party has notice that certain relief is requested.[6] The husband had such notice upon his receipt of the complaint.[7]
The court cannot, however, enter orders requiring Vicino to convey the real property to the wife. She is the owner of a half interest in the real property, but not a party to this action. The court is without authority to determine her interest in the CT Page 3922 property unless she is a party to the action. See, Graham v.Zimmerman, 181 Conn. 367, 375 (1980). A person claimed to have been the recipient of a fraudulent transfer by one of the parties to an action for dissolution of the marriage may be joined as a defendant in the dissolution action. Gaudio v. Gaudio,23 Conn. App. 287, 294 (1990). This was not done here, although Vicino was an indispensable party if her interest in the real estate were to be affected by the judgment.[8] Moreover, no evidence was offered which would establish by clear and convincing proof that a fraudulent conveyance had taken place. Id., at 307 (requiring clear and convincing proof for both actual and constructive fraud).
The court has the authority to transfer the husband's interest in the house to the wife. Derderian v. Derderian,3 Conn. App. 522, 526 (1985). However, the court will not do so. In the husband's proposed orders, which were countersigned by the conservator of the wife's estate, the only relief sought was a dissolution of the marriage. The court concludes from that pleading that the conservator of the wife's estate expressly declined to claim a transfer of the husband's interest. The transfer of the husband's interest to the wife would also place the wife in the position of having to pursue Vicino through further litigation. Given her age and condition, the court is satisfied that further litigation would be difficult for her. More importantly, the court is satisfied on the basis of the evidence adduced at trial that an equal division of the real property is appropriate in light of the criteria set forth in Section 46b-81 of the Connecticut General Statutes. In reaching this conclusion, one of the several factors the court considered is that, prior to commencing the action, the wife chose not to retain an interest in the real property other than her life estate.
Having considered the evidence and the statutory criteria set forth in Sections 46b-62, 46b-81, and 46b-82 and relevant case law, the court enters the following orders.
1. The court has jurisdiction and all statutory stays have expired.
2. The marriage of the parties has broken down irretrievably, and the same is dissolved effective January 14, 1999.
3. The husband shall pay the wife the sum of $1.00 per year as alimony until her death or re-marriage, which shall be modifiable as to amount only if she is released to her home from CT Page 3923 medical confinement.
4. The parties shall retain the assets set forth on their financial affidavits,[9] except that the husband shall transfer to the wife one half of the funds presently being held in escrow by Attorney Tulisano.[10]
5. The parties shall each be responsible for the debts on their respective financial affidavits.
Judgment shall enter accordingly.
BY THE COURT, Gruendel, J.