STATE OF CONNECTICUT *v.* JAMES HARRIS
(6141)
(6142)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued February 3—decision released April 26, 1988

*James A. Killen,* deputy assistant state's attorney, with whom, on the brief, were *Frank M. D'Addabbo* and *James G. Clark,* assistant state's attorneys, for the appellant (state).

*Susan O. Storey,* assistant public defender, for the appellee (defendant).

NORCOTT, J. The state appeals from the judgments of the trial court dismissing the informations charging the defendant with one count of sexual assault in the second degree, in violation of General Statutes § 53a-71 (a) (1), two counts of sexual assault in the third degree, in violation of General Statutes § 53a-72a (a) (1) and (2), and three counts of injury or risk of injury to a minor, in violation of General Statutes § 53-21. The dispositive issue on appeal is whether the trial court erred in concluding that the speedy trial provisions of General Statutes § 54-82c apply to this defendant. We find error.

The facts relevant to the defendant's claims are as follows. On May 12, 1986, the defendant was charged with sexual assault in the second degree, in violation of General Statutes § 53a-71 (a) (4) and risk of injury to a minor, in violation of General Statutes § 53a-21, in connection with a series of sexual assaults occurring between 1978 and 1985. On June 9, 1986, the defendant was again charged with the crime of risk of injury to a minor, this time in connection with assaults occurring on divers dates between 1983 and 1984. At the time these charges were filed, the defendant was already serving a sentence in the Enfield correctional facility for a conviction of assault in the first degree, in violation of General Statutes § 53a-59.

On November 14, 1986, while still serving the sentence for assault in the first degree, the defendant made a request for a speedy trial pursuant to General Statutes § 54-82c.[1] The request was given to the prison records supervisor, Patricia Dion, who completed the motion for speedy trial and a warden's certificate detailing the defendant's prisoner status and good time credit. Dion then forwarded the motion via certified mail to both the clerk of the court in which the charges against the defendant were pending and the office of the prosecuting attorney. The trial court found that the motion was received on November 21, 1986.[2]

On March 19, 1987, 118 days after the motion for new trial was deemed to have been received, the defendant was discharged with respect to his sentence for first degree assault. The defendant, however, remained in custody at the Hartford community correctional facility in lieu of bond on the pending charges.

---

[1] General Statutes § 54-82c provides in pertinent part: "PRISONER'S RIGHT TO SPEEDY TRIAL ON PENDING CHARGES. (a) Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney or assistant state's attorney of the judicial district or geographical area, in which the indictment or information is pending, and to the appropriate court, written notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information. For good cause shown in open court, the prisoner or his counsel being present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden, community correctional center administrator or other official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner."

[2] The state also challenges the trial court's conclusion that the motion was received by the prosecuting attorney. Because our ruling on the first issue, however, is dispositive of the appeal we need not address this issue.

On April 2, 1987, the state filed two substituted informations charging the defendant with one count of sexual assault in the second degree, in violation of General Statutes § 53a-71 (a) (1), two counts of sexual assault in the third degree, in violation of General Statutes § 53a-72a (a) (1) and (2), and three counts of injury or risk of injury to a minor, in violation of General Statutes § 53-21. The defendant responded by filing a motion to dismiss these charges pursuant to General Statutes § 54-82d[3] claiming that the state had violated General Statutes § 54-82c by failing to try him within 120 days of the filing of his motion for speedy trial.

On May 27, 1987, the trial court granted the defendant's motion to dismiss. The trial court, in its memorandum of decision, concluded that "the plain meaning of [General Statutes § 54-82c] is that this particular speedy trial mechanism applies to any prisoner who has outstanding charges pending against him during the term of his imprisonment, regardless of when he is released." We disagree.

General Statutes § 54-82c (a) provides in relevant part: "Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney or assistant state's attorney of the judicial district or geographical area, in which the indictment or information is pending, and to the appropriate court, written

---

[3] General Statutes § 54-82d provides: "DISMISSAL OF CHARGES ON FAILURE TO GRANT PRISONER SPEEDY TRIAL. If an action is not assigned for trial within the period of time as provided in section 54-82c, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same."

notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information." This statute is part of a comprehensive statutory scheme designed to ensure that all persons charged with a crime in this state will be afforded a speedy trial. In enacting General Statutes § 54-82c, the legislature clearly felt that those persons who had pending untried informations against them while serving criminal sentences were entitled to speedier trials than others who were charged with crimes. See General Statutes § 54-82m.[4]

The rationale for affording speedier trials to those serving criminal sentences was recently explored by this court in State v. Foshay, 12 Conn. App. 1, 530 A.2d 611 (1987). In Foshay, we noted: "General Statutes § 54-82c is patterned after a similar provision codified at General Statutes § 54-186 and known as the Interstate Agreement on Detainers [hereinafter the IAD], which applies to prisoners who are incarcerated in one

---

[4] General Statutes § 54-82m provides: "RULES RE SPEEDY TRIAL TO BE ADOPTED BY JUDGES OF SUPERIOR COURT EFFECTIVE JULY 1, 1985. In accordance with the provisions of section 51-14, the judges of the superior court shall make such rules as they deem necessary to provide a procedure to assure a speedy trial for any person charged with a criminal offense on or after July 1, 1985. Such rules shall provide that (1) in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of a criminal offense shall commence within twelve months from the filing date of the information or indictment or from the date of the arrest, whichever is later, except that when such defendant is incarcerated in a correctional institution of this state pending such trial and is not subject to the provisions of section 54-82c, the trial of such defendant shall commence within eight months from the filing date of the information or indictment or from the date of arrest, whichever is later; and (2) if a defendant is not brought to trial within the time limit set forth in subdivision (1) and a trial is not commenced within thirty days of a motion for a speedy trial made by the defendant at any time after such time limit has passed, the information or indictment shall be dismissed. Such rules shall include provisions to identify periods of delay caused by the action of the defendant, or the defendant's inability to stand trial, to be excluded in computing the time limits set forth in subdivision (1)."

jurisdiction and face charges in another. A primary purpose behind both detainer statutes is to alleviate problems posed by outstanding detainers on efforts at rehabilitation." Id., 11. We further noted that in legislative hearings on the bill which was to become General Statute § 54-82c, Representative Marjorie D. Farmer noted that " '[a]ny program of rehabilitation which is undertaken in a penal institution is ineffective if a man has time hanging over his head.' Conn. Joint Standing Committee Hearings, General Law, Pt. 1, 1957 Sess., p. 229. Similarly, proponents of the Interstate Agreement noted that the uncertainty and anxiety accompanying outstanding charges often inhibits prisoner response to training programs and thwarts efforts at rehabilitation." Id.

The concern for rehabilitation, clearly relevant to defendants who are serving a prison sentence, is not similarly applicable to those awaiting trial even if those persons are incarcerated in lieu of bond. As other courts have noted, when a defendant is not serving a criminal sentence there is no rehabilitation process to upset. See *Crooker* v. *United States,* 814 F.2d 75, 77 (1st Cir. 1987); *Lublin* v. *Johnson,* 628 F. Sup. 1496 (E.D.N.Y. 1986).

In this case, the defendant was serving a criminal sentence when the charges against him were originated but was released before the 120 day time limit imposed by General Statutes § 54-82c had expired. Upon his release, the defendant acquired the status of a pretrial detainee. Thus, once the defendant was released there was no compelling reason why he should have been afforded a trial within 120 days.

Nonetheless, the defendant asserts that the language used in General Statutes § 54-82c should be strictly construed in his favor. While it is true that criminal statutes are to be strictly construed in favor of the

defendant; *State* v. *Ellis,* 197 Conn. 436, 445, 497 A.2d 974 (1985); it is a basic proposition of law that "[a] statute should be construed so as to give effect to the legislative intent, while keeping in view the object of the statute." *Stephen Reney Memorial Fund* v. *Old Saybrook,* 4 Conn. App. 111, 113, 492 A.2d 533 (1985). In this case, the legislative intent is clear. The speedy trial provisions of General Statutes § 54-82c shall apply only to those whose rehabilitation would be upset by pending charges. Thus, the defendant was not entitled to invoke the provisions of General Statutes § 54-82c.

We note at this point that the defendant's right to a speedy trial under the General Statutes was not totally abrogated once he was released. Because the defendant was not entitled to a speedy trial under General Statutes § 54-82c, yet was still incarcerated, he was entitled to a trial within eight months from the date of the filing of the information. General Statutes § 54-82m.

There is error, the judgments of the trial court dismissing the informations against the defendant are set aside and the cases are remanded with direction that the charges against the defendant be reinstated.

In this opinion the other judges concurred.