STATE OF CONNECTICUT *v.* GREGORY CHAPMAN
(7654)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued September 21—decision released November 7, 1989

*David J. Wenc,* for the appellant (defendant).

*Jacqueline J. Footman,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Keith DuBoff,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The sole issue of this appeal is whether the speedy trial provision of the Connecticut Interstate Agreement on Detainers (IAD), General Statutes § 54-186 et seq., applies to the defendant. The defendant argues that charges pending against him in Connecticut should have been dismissed by the trial court because he was not brought to trial within 180 days of his request for a final disposition of those charges, which were the basis of a detainer lodged against him.[1]

---

[1] Article III (a) of General Statutes § 54-186 provides in part: "Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of the imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered

During the first half of 1987, the defendant was sentenced to a term of imprisonment in the state of Georgia.[2] In December, 1987, while incarcerated in Georgia, the defendant was contacted by Connecticut authorities, pursuant to the IAD, about detainers that had been lodged against him. In response, and in compliance with article III of the IAD, the defendant filed a request for final disposition of all charges pending against him in Connecticut. On February 19, 1988, the Georgia board of pardons and paroles issued a certificate of conditional transfer, and transferred the defendant to the custody of the state of Connecticut. Subsequently, on November 8, 1988, the court denied the defendant's motion to dismiss after an evidentiary hearing.[3] The defendant then pleaded nolo contendere to the charges[4] and appealed from the denial of the motion. See Practice Book § 4003 (b).

Article III (a) of General Statutes § 54-186 provides that a person who has requested a final disposition of charges pending against him and who is entitled to the benefits of the statute must be brought to trial within 180 days. Article V (c) of General Statutes § 54-186 provides that if that person is not brought to trial within the time provided, the charges against him shall be dismissed.[5] In order to invoke the protection of article

---

to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . ."

[2] The record is unclear as to the commencement of the sentence and the maximum term of imprisonment.

[3] The record is unclear as to when the motion to dismiss was filed.

[4] The charges were burglary in the third degree in violation of General Statutes § 53a-103 and failure to appear in the first degree in violation of General Statutes § 53a-172.

[5] Article V (c) of General Statutes § 54-186 provides in part: "[I]n the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or article IV hereof, the appropriate court

III (a), the defendant must be a person who has entered upon a term of imprisonment that still continues at the time dismissal of the charges is sought. The trial court found that the defendant was not a person serving a term of imprisonment within the meaning of the statute, and that, therefore, he was not entitled to the benefit of the speedy trial provision of the statute.[6]

The defendant argues that the trial court's conclusion about his status in the state of Georgia was clearly erroneous. He asserts that the language of the conditional certificate of transfer indicates that the defendant was still serving a term of imprisonment in Georgia at the time that he filed his motion to dismiss. He contends that no evidence was presented that he had ever been considered for parole prior to his transfer to Connecticut, and that, according to the certificate, custody would revert to the state of Georgia if he were released prior to February 1, 1990. Furthermore, he claims that the trial court's ruling effectively circumvents the purposes of the IAD.

The state argues that the IAD did not apply to the defendant because he was no longer subject to a term of imprisonment at the time of the hearing on his motion to dismiss.

A primary purpose of the IAD is to foster the rehabilitation of prisoners. *State* v. *Foshay*, 12 Conn. App. 1, 11, 530 A.2d 611 (1987). Proponents of the IAD have noted that "the uncertainty and anxiety accompanying outstanding charges often inhibits prisoner

---

of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

[6] In the oral memorandum of decision, the trial court stated: "It's apparent from the language of the conditional certificate of transfer . . . that whatever Mr. Chapman's status is, it is not one of an inmate who was transferred from Georgia with the expectation that he be returned to that state after disposition of the charges in Connecticut."

response to training programs and thwarts efforts at rehabilitation." Id., citing *United States* v. *Mauro,* 436 U.S. 340, 359, 98 S. Ct. 1834, 56 L. Ed. 2d 329 (1978). If, however, a defendant has no immediate interest in institutional rehabilitation programs because he is no longer serving a term of imprisonment, he is not within the class of defendants that the statute was designed to protect. *State* v. *Foshay,* supra, 12–13; see also *United States* v. *Dobson,* 585 F.2d 55, 59 (3d Cir.), cert. denied, 439 U.S. 899, 99 S. Ct. 264, 58 L. Ed. 2d 247 (1978); *State* v. *Harris,* 14 Conn. App. 244, 249, 540 A.2d 395 (1988).

Several Connecticut cases have discussed the consequences of the status of defendants attempting to invoke the protection of detainer statutes. In *State* v. *Foshay,* supra, the defendant's status as a parolee imprisoned while awaiting a parole revocation hearing was not in dispute. The question, instead, was whether that status entitled the defendant to the protection of the speedy trial provision of General Statutes §§ 54-82c and 54-82d, the intrastate equivalent of the IAD. We found that it did not.

The facts in *State* v. *Harris,* supra, also were uncontroverted. The defendant had been serving a prison sentence when a detainer was lodged against him, but he had been released before the 120 day limit of General Statutes § 54-82c had expired. At the time he sought dismissal of the pending charges, he was a pretrial detainee incarcerated in lieu of bond. The question on appeal was whether those facts were sufficient to support a conclusion that the defendant was continuing a term of imprisonment within the meaning of the statute. We determined that the facts did not support that conclusion.

Similarly, other cases involving the IAD have rested, not on a factual dispute, but on whether the trial court

erred in its conclusion that the statute applied, or on whether the trial court erred in its interpretation of the language of the statute. See *Remick* v. *Lopes,* 203 Conn. 494, 525 A.2d 502 (1987); *State* v. *Braswell,* 194 Conn. 297, 481 A.2d 413 (1984), cert. denied, 469 U.S. 1112, 105 S. Ct. 793, 83 L. Ed. 2d 786 (1985).

In the present case, unlike those previously cited, the relevant facts *were* in dispute in the trial court. The defendant argued that he was a prisoner of the state of Georgia at the time his motion to dismiss was heard, and that he would continue to be subject to a term of imprisonment in Georgia until February 1, 1990. The state argued that the defendant was no longer subject to a term of imprisonment in Georgia at the time of the hearing on his motion to dismiss.

Whether the defendant continued to be subject to a term of imprisonment in Georgia was a question of fact for the trial court to resolve. A question of fact is one to be determined by the trier based upon the conflicting evidence presented at trial. *Sweet* v. *Sweet,* 190 Conn. 657, 663, 462 A.2d 1031 (1983). The defendant does not claim that the IAD should have been applied even if he no longer had been serving a prison term at the time of his motion. Instead, he argues that the court should have applied the act because he was continuing a term of imprisonment in Georgia. In short, the defendant does not seek a determination that the court erred in its interpretation of a provision of the IAD, which would be a matter of law; see *Parks* v. *Bourbeau,* 193 Conn. 270, 276, 477 A.2d 636 (1984); but seeks review of a factual determination of the court. A factual finding of the trial court should not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record. Practice Book § 4061.

At the hearing on the defendant's motion to dismiss, the court heard the testimony of the defendant and an inspector with the Connecticut division of criminal justice, and reviewed several documents, including the certificate of conditional transfer from the state of Georgia. The crucial language in the certificate, which was signed by the defendant, is found in the section labeled "Special Conditions." That section states in part: "If released from custody prior to February 1, 1990 I will contact the Director of Field Operations . . . within three days after my release. This contact will be in person or by phone . . . and will be for purposes of assigning me to a parole officer." The certificate also contained a list of parole conditions. Although the defendant testified that he had never been involved in any parole proceedings, he also testified that he understood from the terms of the certificate that his only obligation to the state of Georgia upon release from custody prior to February 1, 1990, was to call for an assignment to a parole officer.

It is not the function of this court to retry the facts. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). There is ample evidence in the record to support the court's conclusion that the defendant was no longer serving a Georgia prison term when he filed his motion to dismiss. Thus, the court's ruling that the defendant could not avail himself of the speedy trial provisions of the IAD was correct, and its denial of the defendant's motion to dismiss must be upheld.

There is no error.

In this opinion the other judges concurred.