[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue raised by the defendant's motion is whether the speedy trial provisions of the Connecticut Interstate Agreement on Detainers, (IAD), General Statutes Sec. 54-186 et seq., applies to the defendant.
The defendant argues that murder charges brought against him should be dismissed because he was not brought to trial within 180 days of his request for a final disposition of those charges CT Page 9126 which were the basis of a detainer lodged against him. This argument and the facts related are not dissimilar to the issue and related facts raised in State v. Chapman, 20 Conn. App. 205, (1989).
The relevant facts are not in dispute. The parties entered into a stipulation of facts dated June 16, 1999. (See joint Exhibit 1).
On April 11, 1997 in the United States District Court for the District of Connecticut, the defendant was sentenced to a term of imprisonment of 27 months followed by a term of supervision of three years. (Exhibit A).
On May 5, 1997, the defendant was committed to the custody of the U.S. Bureau of Prisons for service of that sentence. (Exhibit A).
Thereafter, James E. Thomas, State's Attorney for the Judicial District of Hartford, caused a detainer to be filed against the defendant while he was in federal custody. (Exhibit 1, Par. 3). That detainer was based on a charge of murder lodged against the defendant in Connecticut.
On July 3, 1997, the defendant executed a request for disposition of indictments, informations or complaints pursuant to the Interstate Agreement on Detainers, Section 54-186, et seq., which was mailed with all required supporting documents by federal correctional officials on July 10, 1997. (Exhibit B).
Those documents were received by the clerk of the court and the office of the State's Attorney on July 15, 1997. (Exhibit C).
The defendant was arraigned in this case in the G.A. 12 Superior Court on September 16, 1997. Bond was ordered and the defendant has remained in custody pursuant to that bond continuously since then. (Exhibit D).
The pretrial detainment period from October 24, 1997 through February 26, 1998 was determined excludible by a judge of this court. (Exhibit E).
The parties agreed that testimony from A. Eugene Dixon, a paralegal specialist with the United States Department of Justice, Bureau of Prisons, would confirm that the defendant was CT Page 9127 discharged from custody of that department on January 16, 1998, and is now under the three year term of supervision ordered to follow his 27 months imprisonment. (Exhibit F).
The defendant's request for disposition was received on July 15, 1997. This reception began the running of the IAD clock. The latest trial date under the IAD time clock was January 16, 1998. However during this period, the time between October 24, 1997 thru February 26, 1998, was adjudicated as excludible. The number of excludible days totaled 125 days. This period of 125 days extended the latest trial date of January 16, 1998 to May 21, 1998, under the IAD.
It was undisputed that the defendant was released from federal custody on January 16, 1998. Thereafter to the present, the defendant has remained in the custody of Connecticut officials.
The defendant filed his motion to dismiss, predicated on non-compliance with the IAD on March 26, 1999. On March 26, 1999, the defendant was indisputably in the custody of Connecticut officials.
"In order to invoke the protection of Article III (a), the defendant must be a person who has entered upon a term of imprisonment that still continues at the time dismissal of the charges is sought." Chapman, Id at 208.
The primary purpose of the IAD is to foster the rehabilitation of prisoners. "If however, a defendant has no immediate interest in institutional rehabilitation programs because he is no longer serving a term of imprisonment, he is not within the class of defendants that the statute was designed to protect." Id at 209.
The defendant could not establish that on March 26, 1999 he was continuing a term of imprisonment in the State of New York. There was no evidence that the defendant was either a prisoner or under the custody of the U.S. Bureau of Prisons.
It was incontroverted that the defendant was no longer serving a federal prison term when he filed his motion to dismiss.
Accordingly, this defendant can not avail himself of the CT Page 9128 speedy trial provisions of the IAD and therefore the defendant's motion to dismiss is denied.
So ordered:
Arthur L. Spada, Judge