[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS INFORMATION WITH PREJUDICE (No. 15)
The question presented by the motion to dismiss now before the court is whether an information that has been signed but not yet filed in court is "pending" within the meaning of our speedy trial statute, Conn. Gen. Stat. § 54-82c (a). For the reasons explained below, the answer to this question is No.
The motion has been the subject of an evidentiary hearing. There is no significant dispute concerning the facts. The issue that divides the parties is one of law. The evidence establishes the following facts.
On November 1, 2001, an Assistant State's Attorney signed an information charging the defendant, Vernon C. Robinson, with the crime of assault in the first degree, in violation of Conn. Gen. Stat. § 53a-59. The Assistant State's Attorney submitted that information together with an arrest warrant application to the Honorable Roland D. Fasano. Judge Fasano signed the warrant on November 2, 2001. The warrant was ultimately served on March 15, 2002, and the information was filed in court at that time.
On November 9, 2001, Robinson — who had not yet been served with the assault warrant — pleaded guilty to two unrelated offenses in the Superior Court for the Judicial District of New Haven (G.A. 6) and received a total effective sentence of six months (the "GA. sentence").State v. Robinson, No. CR01-0505016-S. He was incarcerated in the Northern Correctional Institution on the GA. sentence April 19, 2002, when his confinement on that sentence terminated.
On November 20, 2001, the Department of Correction ("DOC") notified Robinson that its records indicated the existence of the outstanding (but still unserved) assault warrant. On November 21, 2001, Robinson executed a Request For Final Disposition ("Request") of the assault charge pursuant to § 54-82c (a). The DOC sent copies of the Request to both CT Page 11355 the Clerk of Court and the State's Attorney in G.A. 6. On December 6, 2001, certified mail receipts were signed and returned for each mailing. The signature on each receipt appears to be that of the same person, and the evidence shows that this is indeed the case. The signature on each receipt is that of Tracy Belton, an official in the office of the Clerk. Ms. Belton is not an official in the office of the State's Attorney. However, Steven Stack, the criminal caseflow coordinator for what was then G.A. 6 and is now G.A. 23 credibly testified that the Clerk's Office's standard procedure in such cases is to give a copy of a request such as the one in question here to the G. A. State's Attorney's Office.
The Request seems to have fallen into a bureaucratic black hole. The Clerk's Office could not file it because there was no file. The warrant had not yet been served, and the information remained unfiled. The G. A. State's Attorney's Office disregarded the Request, apparently because the (as yet unfiled) information had been signed by an Assistant State's Attorney in the Judicial District Office, and the G. A. State's Attorney's Office had no knowledge of the case. (The State's Attorney's Office itself has no record of receiving the Request in the first place.) Whatever the cause, it is certain that the Request was not attended to by either the Clerk's Office or the State's Attorney's Office at the time.
As mentioned, the warrant was actually served on Robinson on March 15, 2002, and the information was filed in court at that time. Robinson discharged from the G.A. sentence on April 19, 2002. He continued to be held in lieu of bond on the assault case.
On June 18, 2002, Robinson filed the Request. Although Robinson doubtless considers this to be a refiling, this is the first occasion that the Request actually appears in the Court's file. The Clerk's Office notified the Office of the State's Attorney of the Request shortly after receiving it. On July 1, 2002, Robinson filed the Motion to Dismiss now before the Court. The motion was the subject of an evidentiary hearing on August 7, 2002. After the submission of post-hearing briefs, the motion was argued on September 4, 2002.
It is common ground that Robinson's motion turns on the proper construction of the first sentence of Conn. Gen. Stat. § 54-82c (a). The statutory text in question provides that:
 Whenever a person has entered upon a term of imprisonment in a correctional institution of this state and, during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such CT Page 11356 prisoner, he shall be brought to trial within one hundred twenty days after he has caused to be delivered, to the state's attorney or assistant state's attorney of the judicial district or geographical area, in which the indictment or information is pending, and to the appropriate court, written notice of the place of his imprisonment and his request for final disposition to be made of the indictment or information.
Robinson additionally relies upon Conn. Gen. Stat. § 54-82d, which provides that, "If an action is not assigned for trial within the period of time as provided in section 54-82c, no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment or information be of any further force or effect, and the court shall enter an order dismissing the same."
The State does not seriously dispute that if Robinson complied with § 54-82c on December 6, 2001, when the certified mail receipts for the Request were signed by Ms. Belton, the statutory 120 day period would have expired prior to the termination of the G.A. sentence, and the Motion to Dismiss must be granted. On the other hand, Robinson does not seriously dispute that if he first complied with § 54-82c (a) on June 18, 2002, § 54-82c (a) would not on its own terms apply to his case because there would have been no compliance with the statute "during the continuance of the term of imprisonment." For that matter, even a prisoner who initially satisfies the requirements of § 54-82c (a) during a term of imprisonment but is released prior to the expiration of the statutory 120 day period acquires the status of a pretrial detainee upon his release and is no longer entitled to the benefit of the statute.State v. Harris, 14 Conn. App. 244, 249, 540 A.2d 395 (1988). Thus, unless Robinson fully complied with § 54-82c (a) 120 days prior to his April 19, 2002 discharge, he cannot claim the benefit of the statute. Under these circumstances, the Court's attention necessarily focuses on the events of late November and early December 2001.
Sec. 54-82c (a) contains two provisions of importance to this case. On provision (the "pending" requirement) requires that an indictment or information be "pending" at the time of the prisoner's request for final disposition. The second provision (the "delivery" requirement) requires that the request be "delivered" to both the state's attorney and the court. Because the Court finds that the "pending" requirement was not satisfied in late November and early December 2001, it need not consider the "delivery" requirement. CT Page 11357
Sec. 54-82c applies only if, "during the continuance of the term of imprisonment, there is pending in this state any untried indictment or information against such prisoner." Was this provision satisfied here during late November and early December 2001? Robinson's argument that the statute was satisfied focuses on the existence of the information signed by an Assistant State's Attorney on November 1, 2001. The State's argument that the statute was not satisfied focuses on the fact that the information in question was not filed until March 15, 2002. These arguments greatly refine the issue. Both sides agree that an "information" existed in late November and early December 2002. The issue is whether that information was "pending" at that question.
Connecticut precedent establishes that a pleading not filed in court is not "pending" for statutory purposes. Bank of Boston Connecticut v.Schlesinger, 220 Conn. 152, 595 A.2d 872 (1991), is instructive on this point. A foreclosure statute, Conn. Gen. Stat. § 49-28, provides that if the proceeds of a sale are not sufficient to pay the amount secured by a mortgage, a deficiency judgment shall enter, "but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit." The plaintiff in Schlesinger purported to begin foreclosure proceedings by serving an unsigned writ, summons, and complaint. These papers, however, were never returned to court. During the hearing on a prejudgment attachment, the defendants sought to stay the proceedings pursuant to § 49-28 on the ground that the foreclosure suit was "pending." The trial court denied the stay, and the Supreme Court affirmed. The Court explained that, "A suit is pending from the time that it is returned to court because only then does it pass beyond the physical control of the litigants." 220 Conn. at 161-62.Accord Algonquin Gas Transmission Co. v. Becker, 25 Conn. Sup. 448, 450,206 A.2d 846 (Super.Ct. 1952) (King, J.) (construing Conn. Gen. Stat. § 16-267).
Although the papers in Schlesinger were unsigned and the information here was signed, that is a distinction without a difference. Schlesinger
makes it clear that the dispositive event, transforming an anticipated case into a "pending" case, is the filing of the relevant pleading in court. Only then does the anticipated action "pass beyond the physical control of the litigants." Moreover, only then does the court obtain control of the action.
A requirement that an information be filed in order to be "pending" is necessary to make sense of Conn. Gen. Stat. § 54-82c (a) itself. Sec.54-82c (a) requires that a request for final disposition be delivered not only "to the state's attorney" but "to the appropriate court." The delivery of a request to "the appropriate court" is a pointless exercise CT Page 11358 when no information has been previously filed. This point is nicely illustrated by this very case, in which the clerk's office received the Request but could do nothing with it because no file existed. Consequently, the provisions of § 54-82c (a) do not become operative until an indictment or information has been filed in court.
Robinson makes two additional arguments that must be addressed, albeit briefly. He first contends that the text of Conn. Gen. Stat. §54-82c (a) is distinctive because it merely requires that an information be "pending." He contrasts this requirement with that of Conn. Gen. Stat. § 54-60, which provides that "[w]henever any indictment, information or complaint is pending before any court, a conviction may be had for any offense sufficiently alleged therein." In Robinson's view, if to be "pending," an information must be filed in court, the use of the phrase "pending before any court" would be redundant. This argument suggests an unrealistic degree of hair-splitting by the legislature. Given the legal definition of "pending," the phrase "pending before any court" may in fact be ever so slightly redundant, but the legislature is (or at least should be) engaged in writing statutes that readers of the English language can understand. Redundancy is hardly unknown to the law, as anyone who has ever executed a "last will and testament" will instantly recognize. For reasons already discussed, the text of §54-82c (a) makes it clear that a "pending" information must be filed in court.
Robinson finally argues that the State had an obligation to file its information "promptly." Under our rules, however, documents submitted to the judicial authority in support of an application for an arrest warrant are to "be filed with the clerk of the court together with the return of the arrest warrant pursuant to Section 44-11." P.B. § 36-2 (a). The State had no obligation to file the information prior to the return of the warrant.
For the reasons stated above, the information in question was not "pending" in late November and early December 2001. Under these circumstances, Robinson cannot claim the benefit of Conn. Gen. Stat. § 54-82c (a).
The motion to dismiss is denied.
Jon C. Blue Judge of the Superior Court CT Page 11359